STATE, on relation of W. R. COX, Solicitor, *v.* NICHOLAS PEEBLES, EDMUND JACOBS and others.

When a reference is made to a Commissioner to state an account and report to a certain term of a Court, and the report is made to that term, if exceptions be not filed at the same term, the report should be confirmed and judgment given, upon motion; and if the motion be not made at that time, it is a matter of discretion with the Court whether to allow exceptions to be filed at a subsequent term.

If the Commissioner fails to file the evidence with his report, the objection can only be taken by exception to the report.

A judgment upon the report of a Commissioner, in an action on a guardian bond, is like a decree in a suit in equity, and may be conditional in its form, if the circumstances of the case require it.

In an action upon a guardian bond brought in the name of the State, upon the relation of the Solicitor of the District, it is too late to object in this Court, that it should have been brought in the name of the wards; and when the complaint in such action shows it is really in the name of such wards against the guardian and the sureties on his bond, there is no ground of objection to the form.

Action on a guardian bond, heard before *Moore, J.*, at Spring Term, 1872, of the Superior Court of NORTHAMPTON.

The action was brought in the name of W. R. Cox, Solicitor, &c., against the defendant Peebles, as guardian of one Millard F. Peebles, and the sureties on his bond, for the recovery of such sum as might be ascertained to be due the ward, and for the appointment of a receiver. The complaint set out the appointment of the guardian, the execution and condition of the bond, &c. Answer was filed, and at Spring Term, 1871, it was referred to the clerk to state an account and report to the next term. At Fall Term, 1871, a report was filed, setting forth that the balance due the ward was $15,337.28, against which the guardian claimed as credits certain bonds taken by him as guardian, and $2860.00, one-third of an amount he

7

invested in land Dec. 10th, 1867, for this and two other wards, to save a debt due them by bond.

At Spring Term, 1872, the counsel of the defendants offered to file exceptions to the report, one of which was that evidence taken was not filed with it. The plaintiff's counsel objected to the filing of the exceptions and asked that the report be confirmed. His Honor excluded the exceptions and confirmed the report, and gave judgment accordingly for the said balance of $15,337.28, to be credited with the said bonds in the hands of the guardian, which were ordered to be turned over to the ward ; also, that the receiver or guardian of the said Millard F. Peebles should, whenever the said N. Peebles and his wife, make and deliver to him a title to a one-third interest in value of the land mentioned in the report, give credit on the judgment for $2860.00, with compound interest to Nov. 20th, 1871.

The defendants thereupon appealed.

*Barnes* and *R. B. Peebles*, for the plaintiff.
*Smith & Strong* and *Conigland*, for the defendants.

BOYDEN, J. This case comes before this Court from a decision of his Honor below, upon his refusal to allow exceptions to the report of the commissioner to be filed at the term of the Court subsequent to that at which the report was made. In the argument, it was said by the counsel for the defendant, that the record did not show that the report was filed at the November Term, 1871. This is a mistake, as the record does show this distinctly, as it states that the case was referred to the Commissioner at Spring Term, 1871, with directions to report to the Fall Term of the Court, and the Commissioner makes report at the Fall Term, and states that he makes it in obedience to the order of the Court which directed him to take the account and to report to that term.

It is the well settled rule that exceptions to such reports must be made, as a matter of right, at the Court to which the report

is made, and after that it is a matter of discretion with the Court, whether such exceptions will be allowed or not. Indeed, upon motion to that effect, the plaintiffs in such cases are entitled, at the term to which the report is made, not only to have the report confirmed, but likewise to have judgment at the same term.

It was urged by the defendants, that as there was no evidence reported, that was error. This is a mistake, and an objection on that account must be taken by exception; and this seems to have been well understood by the defendants, as that was one of the exceptions proposed to be filed. Much liberality has usually been shown to parties by the Court, in allowing them to except at a term subsequent to that at which the report was made, and his Honor, had he seen fit, might have allowed the defendants to file their exceptions as proposed, but, for reasons satisfactory to him, he declined, and his decision, being a matter of discretion, is not the subject of review by this Court.

It is insisted here that the judgment is erroneous, for the reason that it is conditional, and, therefore, it should be set aside. It will be recollected that this case is to be regarded and governed by the same rules, with respect to this report and the judgment thereon, as if it was a suit in equity. It is a little remarkable that the defendants should complain of this part of the judgment, as it relieves them from the immediate payment of some three thousand dollars for which the plaintiffs would otherwise have then been entitled to an absolute judgment against all the defendants. This very credit allowed is especially asked for in the answer of the defendants. How can it be pretended that the sureties are entitled to these credits, unless upon the terms mentioned in the judgment.

It is further insisted, on the part of defendants, that the action is improperly brought.

This is a civil action under the C. C. P., which is governed by different rules from those under our former system. In the

STATE *v.* PEEBLES AND OTHERS.

caption it is stated to be upon the relation of Wm. R. Cox, Solicitor, when it is insisted it should have been in the name of the wards. No objection was taken in the answer, or upon the rendition of the judgment, as to the form of the action. Had it been then taken, his Honor would have allowed an amendment, had he deemed it necessary. So, that it will be seen, that this objection comes too late, should we hold the suit improperly instituted.

But the Court is of opinion that the action is properly brought, as the complaint shows that, notwithstanding the caption, it is really in the name of the wards against their late guardian and his sureties, on the guardian bond.

There is no error. This will be certified.

PER CURIAM.                    Judgment affirmed.