IRVING C. STONE *v.* JAMES F. LATHAM and DAVID EDMISTON.

It is clear that the Court may appoint, control and remove its commissioner to sell land.

MOTION to set aside orders, decrees and proceedings in the case of Jane E. Martin *et al.* to the Court, made before *Watts, J.,* at Spring Term, 1872, of HYDE Superior Court.

Jane E. Martin *et al.* to the Court, was a PETITION to sell land devised to be sold by the will of Marvel Wilkinson, in order to carry out the directions of the will. The sale was made and confirmed by the Court. Irving C. Stone was guardian of Jennie and Margaret Wilkinson, two of the tenants in common, who were infants, and he was commissioner, and made and reported the sale. Defendant, James F. Latham, became the purchaser. Afterwards, the Probate Court of Beaufort, in which county he was originally appointed by the County Court, removed plaintiff, Irving C. Stone, and appointed James F. Latham guardian of the infants. And on supplemental petition, the Superior Court of HYDE county annulled the decree, directing Irving C. Stone to collect the purchase money and make title to James F. Latham ; and it appearing that Latham wished to surrender his bid made on said land to defendant, David Edmiston, a decree was made directing James F. Latham, to collect the purchase money, and to make title to defendant Edmiston on his paying the said purchase money. And at Spring

Term, 1872,.Irving C. Stone made the motion to set aside orders, &c. Motion disallowed; plaintiff appealed.

*Fowle* and *Busbee & Busbee,* for plaintiff.
*Phillips & Merrimon* and *Battle & Sons,* for defendants.

SETTLE, J.   This Court cannot consider the action of the County Court of Beaufort, appointing the plaintiff guardian to the two infants mentioned in the pleadings, nor the action of the Probate Judge of that county, removing him from the said guardianship, and appointing the defendant in his stead.

The only question for our consideration is presented by the action of his Honor in refusing to set aside the orders, decrees and proceedings had and done in this cause; by virtue of which the plaintiff was removed from the appointment of commissioner to sell the lands mentioned in the pleadings, and the defendant Latham appointed to collect the purchase money and make the deed to the purchaser.

We take it as clear, that a Court may appoint, control and. also remove its own commissioner in a case like the one before us.

The commissioner is but the finger of the Court, and acquires no adverse interest in the subject matter; and the suggestion that he is not entirely under the control of the Court rests upon no sound foundation.

We answer the objection that this was done without notice to the plaintiff in the language of RUFFIN, C. J., in *Collier* v. *Bank of Newbern,* 1 Dev. & Bat. Eq. 328. "As our terms are at certain and short periods parties are charged with the knowledge of all the orders made in the cause without service of a copy, unless specially directed." We deem it unnecessary to comment on the fact that the plaintiff now desires to complain of a sale which he made and reported to the Court as fair, and recommended the same

for confirmation. To the objection of the plaintiff that the original purchaser has transferred his bid &c., we answer that the case shows that all the proceedings were had under the eye of the Court, and it is not alleged that the new security for that part of the purchase money which remains unpaid is insufficient or doubtful.

The plaintiff should be allowed compensation for making the sale.

There is no error.

This will be certified.

PER CURIAM.                              Judgment affirmed.