State on relation of S. H. HODGIN, Guardian, v. ROBERT MAT-THEWS and others.

*Excusable Neglect,* § 133.

Defendant, one of the sureties on a guardian bond, upon the suggestion of his counsel and the other defendants that the recovery against him would be small and not of sufficient amount to justify the expense of litigation, admitted the execution of the bond and submitted to a reference to ascertain the extent of his liability. The report, after undergoing a correction on motion of plaintiff, charged the defendant with a sum considerably in excess of what he had anticipated. New counsel employed by defendant filed exceptions to the report, which were passed upon by the court, and judgment was entered for about double the sum first reported as due:

*Held,* that the defendant was not entitled to have said judgment set aside on the ground of "excusable neglect" under C. C. P., § 133, in order to let in a plea of *non est factum* to such bond.

(*Burke* v. *Stokely,* 65 N. C., 569; *Sluder* v. *Rollins,* 76 N. C., 271; *Bradford* v. *Coit,* 77 N. C., 72; *Mebane* v. *Mebane,* 80 N. C., 34, cited and approved.)

MOTION by defendant to set aside a Judgment on the
19

ground of excusable neglect under C. C. P., § 133, heard at
Spring Term, 1879, of FORSYTH Superior Court, before
*Schenck, J.*

The motion was refused upon the facts set out in the
opinion, and the defendant, Matthews, appealed.

*Messrs. Watson & Glenn*, for plaintiff:

Cited and commented upon the cases cited by the court,
and distinguished this case from *Griel* v. *Vernon*, 65 N. C.,
76, where the neglect was that of the attorney alone.    Find-
ings of fact by court below conclusive.   *Hudgins* v. *White*,
65 N. C., 393.

*Messrs. Gray & Stamps*, for defendant:

As to exercise of discretionary power: If judge mistake
meaning of law as to what is mistake, inadvertence, &c., his
decision can be reviewed.   *Hudgins* v. *White*, 65 N. C., 393.
True, the facts found are conclusive; but whether they con-
stitute surprise, &c., is a question of law and reviewable.
*Powell* v. *Weith*, 66 N. C., 423; *Watson* v. *Shields*, 67 N. C.,
235; *Johnson* v. *Duckworth*, 72 N. C., 244; *Clegg* v. *S. S. Co.*,
66 N. C., 391.

SMITH, C. J.   This is a motion on the part of Robert Mat-
thews against whom and others the plaintiff recovered judg-
ment at spring term, 1878, of the superior court of Forsyth,
to be relieved therefrom under the provisions of section 133
of the code.   The facts upon which the application rests, as
found by the court, are in substance these :

The action was originally brought to fall term, 1872,
against the principal and his sureties, of whom the defend-
ant is alleged to be one, to a guardian bond executed for the
security of the estate of Ann E. Kenner, an infant, in the
hands of her former guardian.   The complaint charges the
execution of the bond by all the defendants.   The defend-

ant now asking to have the judgment set aside as to him-self employed an attorney to represent and defend him. An answer was put in on behalf of the defendants, all of them admitting the execution of the bond, and after reference to and report from the clerk, judgment was entered for the plaintiff for about $2,200, of which the defendant Robert Matthews' ratable share would be $220. This was done with his knowledge and consent, under the assurance of counsel and after consultation among the several attorneys representing the different defendants, that the share of each would be small, and this was preferable to a protracted and expensive litigation. Subsequently it was discovered that a considerable error had been made in the report, and on May 6th, 1876, the plaintiff gave notice to the defendants of an intended motion to re-open the judgment and rectify the mistake. Matthews employed another attorney to protect his interests in the proceeding, who entered an appearance at the ensuing term of the court for him, but put in no an-swer. The matter was re-opened and another reference ordered. The referee proceeded to take depositions, restated the guardian accounts and made report thereof at spring term, 1877, largely increasing the amount due on the ad-ministration of the trust. To the report, exceptions were filed by both parties, and at spring term, 1878, they were passed on and disposed of, and the judgment modified and re-entered for about $4,400, one-tenth of which is this de-fendant's share. The other defendants have paid up their respective parts, and the defendant, Matthews, now asks to set aside the judgment as to himself, on the ground of his excusable neglect. He denies that he ever executed the bond, and the bond being lost the minutes of the county court do not mention his name among those of the obligors who tendered it. The court deeming it not material to in-quire into the fact of the execution of the bond by the de-

fendant, was of opinion that he is guilty of gross laches, and refused the motion, and the defendant appeals.

It is manifest the case is not one of "excusable neglect" within the meaning of section 133. The defendant assents deliberately, after conference among the attorneys and their clients, to withhold his proposed defence of non-execution of the instrument, and permits the case to proceed to final judgment. The subsequent correction of an error does not change his relations to the cause nor impart any additional force to his present application. He submits to a recovery of what is due, to be ascertained by the reference, thereby surrendering his claim to entire exemption; and the results of the second reference have the same legal effect, as to the defendant's rights in this regard, as if they had been embodied in the first report, and the judgment founded upon it. The representations under which the defendant was induced to give his assent came from his associate defendants and their counsel into whose hands he voluntarily confides his own interests, and with them makes common defence. It is not pretended that his course was in any wise influenced or affected by any suggestion or action of the plaintiff.

We concur in the opinion of the court below that the defendant is not entitled to any relief in the premises. This is clearly shown in the cases cited in the argument—*Burke* v. *Stokely*, 65 N. C., 569; *Sluder* v. *Rollins*, 76 N. C., 271; *Bradford* v. *Coit*, 77 N. C., 72,—to which we add a single reference, *Mebane* v. *Mebane*, 80 N. C., 34. In the last case, the court speaking of the numerous cases which had been before it, say: "It is difficult to deduce any distinct practical principle from them, or to run a well defined line separating those *neglects* that are, from those that are not *excusable*, in the sense of the statute; and hence, the facts relied on must be ranged on the one and the other side of that line as they arise." In the present case the defendant waives all de-

fence to the action on its merits,. does not deny his liability as an obligor, and raises no objection to a judgment for whatever may be found to be due from the guardian. The only reason assigned for setting it aside is that the amount owing is much greater than he or his counsel thought it would be. This is no ground for the interference of the court, and the judgment is affirmed.

No error. Affirmed.