GOVERNOR ex. rel. TRUSTEES OF UNIVERSITY OF N. C. v. R. W. LASSITER and others.

*Discontinuance—Reference—Notice—Exceptions—Attorney and Client—Appearance—Excusable Neglect.*

1. Under our present practice, a failure to take a judgment by default as soon as the same is allowable does not work a discontinuance.

2. A reference to hear and determine all matters in controversy, under C. C. P., §§ 240, 245, precedes any adjudication by the court of the liability of the parties.

3. When a defendant has been brought into court by the service of process he is charged with notice of whatever action the court may take while the suit is pending.

4. Exceptions to a referee's report may be filed at the term to which it is made.

5. If an attorney appear, and judgment be entered against his client, the court will not set it aside, though the attorney had no warrant, if he be solvent and able to respond in damages for his officiousness.

6. Where a defendant has been served with a summons, but neglects to employ counsel to represent him in the action, remains away from the place of trial, and contents himself with such information as to the progress of the cause as he can get by correspondence with persons under no legal obligation to furnish the requisite intelligence, he is not entitled to have a final judgment in the cause set aside under C. C. P., § 133, as having resulted from excusable neglect.

(*Sparrow* v. *Trustees*, 77 N. C., 35; *Collier* v. *Bank*, 1 Dev. & Bat. Eq., 328; *Stone* v. *Latham*, 68 N. C., 421; *Clayton* v. *Jones*, *Ib.*, 497; *McDaniel* v. *Watkins*, 76 N. C., 399; *Mabry* v. *Irwin*, 78 N. C., 46; *State* v. *Peebles*, 67 N. C., 97; *Waddell* v. *Wood*, 64 N. C., 624; *Sluder* v. *Rollins*, 76 N C., 271; *Hodgin* v. *Matthews*, 81 N. C., 289; *Cobb* v. *O'Hagan*, *Ib.*, 293; *Kerchner* v. *Baker*, 82 N. C., 169, cited and approved.)

MOTION to vacate a judgment heard at January Special Term, 1880, of WAKE Superior Court, before *Avery, J.*

Motion allowed and plaintiff appealed.

*Messrs. Battle & Mordecai, G. V. Strong* and *A. M. Lewis,* for plaintiff.

*Messrs. Reade, Busbee & Busbee* and *Merrimon, Fuller & Fuller,* for defendant.

SMITH, C. J. The action to recover funds belonging to the University in the hands of the defendant Lassiter, former treasurer, is brought against him and the other defendants, sureties to his official bond. The summons was served on the defendants Lassiter and Jones in March, 1876, and an *alias* on the defendant Winstead, May 30 thereafter. At the return term of the original process, the plaintiff's complaint was filed, and the defendants, represented by D. G. Fowle, as their attorney, put in their answer, to which there was a replication.

The cause was continued, and at spring term, 1878, referred to E. R. Stamps who made his report to February term, 1879, finding the sum of $4,913.09 due the plaintiff. No exceptions were taken, and at the second term thereafter, held in August, judgment was entered against all the defendants for the amount reported by the referee.

At January term, 1880, the defendant Winstead moved to set aside the judgment against himself for the following reasons: 1. The judgment was irregular and against the course of the court; 2. The failure to make defence was excusable neglect under C. C. P., § 133.

In support of his motion the defendant offered his own and the affidavit of his co-defendant Jones, from which His Honor finds, in addition to what appears upon the face of the record, these facts:

The defendant employed no counsel to appear for him before the court or before the referee. The attorney who undertook to represent the defendants under the belief that his employment was for all, was, in fact, retained by the said Lassiter, but not by Winstead himself. The defendant

labored under the impression that the suit was for a money demand not exceeding $300, and had no disposition to contest the plaintiff's claim thereto.

There are additional matters contained in his affidavit, which not being found by His Honor, are not properly before us, and we are not at liberty to look into the evidence to see what is stated, whether sent up and made part of the case or not, unless the court finds as facts whatever is therein testified. Yet as the defendant may be misled as to the effect of annexing the affidavit to the case prepared for review, we have looked into it to ascertain whether the merits of his application would be materially and injuriously affected by the exclusion, and require a remanding of the cause for a further finding. Upon the examination, we discover no matter averred which, if proved, would change favorably to the defendant the complexion of his case as presented by the judge. Those outside statements are in substance :

That the defendant had no notice of the order of reference, nor of the action of the referee under it; and that upon information it was in part based upon unsworn declarations of witnesses. That he learned from his principal that the dispute was about a small sum retained as arrears of his salary, and that his bank account and the trust fund had been placed at the disposal of his successor, among which were several state bonds, pledged for the re-payment of less than $500 borrowed and held as due him, and to meet the expenses of the suit. That on being served with process, he wrote both to said Lassiter and the new treasurer, enquiring as to the subject matter in controversy, and was informed by the former that it was to recover the money claimed and withheld for the reason mentioned, and from the latter received a brief reply to the effect that he knew little about the suit, and would refer the letter of enquiry to some one who would give the information sought, and that he never

did understand or suppose that the matter involved was of any moment.

It is not suggested that the interests of all the defendants were not diligently looked after by their attorney, and every legitimate defence set up in their behalf, nor that the report of the referee and the judgment thereon are not correct.

The vacation of the judgment is demanded for alleged irregularities in the proceedings thus specified :

1. The failure to take judgment by default worked a discontinuance and put the defendant out of court.

2. An adjudication of liability ought to have preceded the reference.

3. The referee failed to give notice of the time and place of entering upon his duties.

4. He heard and acted on evidence not given in on oath.

1. The strictness of the ancient rules of pleading and practice has not prevailed in this state, and has given place to the new system whose rules and regulations are prescribed by positive law. The reference in this case was not merely to have an account stated between the parties, but to have the entire matters in controversy heard and determined by the referee, as provided in C. C. P., §§ 240 and 245, and precedes any adjudication of the court.

2. The referee's report shows that notice was given to the parties, by which we understand it was given to their common attorney, who was or could have been present during the execution of the order, and then have made objection to the admission of improper evidence.

3. But in legal contemplation, the defendant was in court by the service of the summons, and is charged with notice of whatever action the court has taken during the pendency of the suit. *Sparrow* v. *Trustees of Davidson College*, 77 N. C., 35. " As our terms," remarks RUFFIN, C. J., in *Collier v. Bank*, 1 Dev. & Bat. Eq., 328, referring to the English Chancery practice, " are at certain and short intervals, parties

are charged with the knowledge of all the orders made in the cause, without service of a copy unless specially direct-ed ;" and this is cited and approved in *Stone* v. *Latham*, 68 N. C., 421, and *Clayton* v. *Jones, Ibid.*, 497. So a defendant, suffering judgment by default, is charged with knowledge of the fact. *McDaniel* v. *Watkins*, 76 N. C., 399, and this proposition is assumed in *Mabry* v. *Erwin*, 78 N. C., 46.

4. Exceptions to the report could have been filed at the term to which it was made, *State* v. *Peebles*, 67 N. C., 97, and the failure of the defendant then to make them is the result of his own inattention and negligence.

5. But the defendants were, in fact, represented by an attorney of record, who, whether with or without authority, alike unknown to the plaintiff, assumed to act as such for all, and if the complaining defendant was ignorant of his appearance, it was because of his persistent absence from the court, and disregard of his own interests, and his position is the same as if he had full knowledge. If an attorney appears and judgment is entered against his client, the court will not set aside the judgment, though the attorney had no warrant, if the attorney be able and responsible. Bacon's Abr. Att. B., p. 486.

Chancellor KENT, then Chief Justice, in *Denton* v. *Noyes*, 6 John., 295, lays down the true rule, with modification, in these words : " An attorney of this court appears for the de-fendant to a writ which has been sued out, but not served, and he afterwards confesses judgment. If the attorney has acted without authority, the defendant has his remedy against him, but the judgment is still regular, and the ap-pearance entered by the attorney without warrant, is a good appearance to the court."

" If the attorney for the defendant," he continues, " be not responsible or perfectly competent to answer to his as-sumed client, the court will relieve the party against the judgment, for otherwise a party might be undone. I am

willing to go still further, and in every such case, let the defendant in to a defence of the suit. To carry an interference farther, beyond this point, would be forgetting that there is another party in the cause, equally entitled to our protection."

In *Jackson* v. *Stewart, Ibid.*, 34, the court declares: "It is the course of the K. B., said HOLT, C. J., when an attorney takes upon himself to appear, to look no further but to proceed as if the attorney had sufficient authority and to leave the party to his action against him."

The same doctrine is affirmed in *State* v. *McLaughlin*, 28 Cal., 668; *Schirling* v. *Scites*, 41 Miss., 644, and in *Smith* v. *Bowditch*, 7 Allen, 137.

In the last case the court say: "The defendant had a right to look to the record and if the person, whose name is there as attorney, acted without authority and the plaintiff is thereby injured, the remedy is by action for damages."

More forcibly does the doctrine apply to a case where the defendant has been served with process and is thereby in court. Whatever may be said about irregularities permitted during the progress of the cause they are cured by a final judgment, itself in all respects regular, and entered without objection, and the defendant cannot complain of what before transpired.

6. The defendant further contends that under the circumstances his neglect to appear is excusable under C. C. P., § 133, and for this reason the judgment against him should be annulled. Admitting the truthfulness of every statement in the affidavit and the imputation of negligence, the absence of which authorizes relief, remains unremoved. The defendant is sued in May, 1876, reference ordered in the spring of 1878, the report made in February, 1879, and final judgment entered in August of that year. During this whole period the defendant employs no attorney or agent, gives no personal attention to the case, content with

writing two letters of enquiry from neither of which does he derive any definite information of the extent of the plaintiff's claim, and is aroused to activity and diligence only after final judgment. If a party may thus slumber when he should be alert, and make no effort for his own protection, the court will not patiently listen to the suggestion that no legal culpability attaches to such conduct. The construction of the statute has been so often before the court that we will only call attention to some of the many decided cases conclusive upon the point. *Waddell* v. *Wood*, 64 N. C., 624; *Sluder* v. *Kollins*, 76 N. C., 271; *Hodgin* v. *Matthews*, 81 N. C., 289; *Cobb* v. *O'Hagan, Ibid.*, 293; *Kerchner* v. *Baker*, 82 N. C., 169.

In our view neither ground upon which the motion is put warrants the vacation of the judgment, and the ruling of the court thereon is erroneous. The judgment below must therefore be reversed and it is so ordered.

Error. Reversed.