A. B. LONG v. G. W. LOGAN.

*Exceptions to report—Discretionary Power.*

Exceptions to a report may be made, as a matter of right, at the term of the court to which the report is submitted; and after that, it is discretionary with the court whether the exceptions shall be filed or not. And no appeal lies from an exercise of such discretion.

(*State ex. rel* , v. *Peebles*, 67 N. C., 97; *University* v. *Lassiter*, 83 N. C., 38; *Johnson* v. *Rowland*, 80 N. C., 1; *Boddie* v. *Woodard*, 83 N. C., 2; *Reese* v. *Jones*, 84 N. C., 597; *Hinton* v. *Deans*, 75 N. C., 18; *State* v. *Lamon*, 3 Hawks, 174; also *ante*, 20 and 34; *Austin* v. *Clarke*, 70 N. C., 458; *Cannon* v. *Beeman*, 3 Dev. 353, cited and approved.)

MOTION by defendants to be allowed to file exceptions to the report of a referee, heard at Fall Term, 1881, of RUTH-ERFORD Superior Court, before *Avery, J.*

The motion was based upon the affidavit of the defendant, which is as follows: That at the ——— term of the superior court of Rutherford county an adverse report was rendered against affiant; that said report and said cause was continued without further action on account of the sickness of affiant's counsel, John F. Hoke, of Lincolnton, N. C.; that

Mr. Hoke is a regular attendant in full practice in said court, and is affiant's general counsel, and was, and is, his special counsel, particularly and especially familiar with the nature and condition of this cause ; and affiant believed that he would be able to attend the present term of the court, and file exceptions to said report in apt time; that affiant is now informed and believes that Mr. Hoke h'as not been physically able to attend to this cause since the last term of this court, and is unable now to attend; that affiant was not advised of such being his condition in time to have employed other counsel, and that the local bar are so connected with the cause as counsel and witnesses, that they could not assume the position of attorney for affiant; that affiant's own health has been very feeble since the last term of this court—a large portion of the time he was unable to attend to business, and has been unable to prepare any proper exceptions to said report; that he is advised and believes that said report is erroneous in law and contrary to the facts, and that he has a good and meritorious cause of defence.

The facts found by His Honor were, that the report of the referee, which was adverse to the defendant, was filed at the spring term, 1881, and at said term a motion was made to confirm said report, which motion was refused on account of the sickness of John F. Hoke, senior counsel for defendant. The firm of Hoke & Son represented the defendant.

On the first call of the docket W. A. Hoke, the junior counsel, who alone was present, gave notice of a motion to be allowed to file exceptions, not then prepared, to the report of the referee, and when the cause was peremptorily called for trial, on the last day of the term, counsel offered the exceptions and moved the court to be allowed to file them. His Honor announced that while it was discretionary with the court to allow or disallow the motion, the counsel for defendant would be permitted to read the ex-

ceptions offered in connection with the report in order to enlighten the court in the exercise of its discretion, but if after hearing a full discussion, it appeared to the court, considering all the circumstances that the exceptions were offered for delay (as insisted by plaintiff's counsel) the motion would be disallowed, even though some of the exceptions might have been sustained on technical grounds, if filed in apt time.

After argument the court declined to allow the motion to file exceptions, and on motion ordered that the report be confirmed, and gave judgment accordingly for plaintiff. From which judgment the defendant appealed.

*Mr. J. A. Forney*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

ASHE, J. There is no error. The refusal to allow the exceptions to be filed, as held by His Honor, was a matter within his discretion and is not reviewable. The defendant had no *right ex debito justiciæ* to file exceptions after the term to which the report of the commissioner was returned, and could only do so by leave of the court.

In *State* v. *Peebles*, 67 N. C., 97, it is held "where a reference is made to commissioners to state an account and report to certain term of a court, and the report is made to that term, if exceptions be not filed at the same term, the report should be confirmed and judgment given upon motion; and if the motion be not made at the term, it is a matter of discretion with the court whether to allow exceptions to be filed at a subsequent term." And this decision is approved in *University* v. *Lassiter*, 83 N. C., 68. See also *Johnson* v. *Rowland*, 80 N. C., 1; *Boddie* v. *Woodard*, 83 N. C., 2; *Reese* v. *Jones*, 84 N. C., 597; *Henry* v. *Cannon, ante,* 24; *Gilchrist* v. *Kitchen, ante,* 20; *Hinton* v. *Deems,* 75 N. C., 18; *State* v. *Laman,* 3 Hawks, 174.

The Code of Civil Procedure, says BYNUM, J., in the case of *Austin* v. *Clarke*, 70 N. C., 458, invests the courts with ample powers in all questions of practice and procedure, both as to amendments and continuances, to be exercised at the discretion of the judge presiding, who is presumed best to know what orders and what indulgence will promote the ends of justice. With the exercise of his discretion we cannot interfere, and it is not the subject of appeal.

And in *Cannon* v. *Beeman*, 3 Dev., 363, where the plaintiffs obtained a verdict which was set aside upon the payment of the costs of the term, and through misunderstanding some portion of the costs were not paid during the term, the court below directed judgment to be entered for the plaintiff, and the defendant appealed, Judge DANIEL said: "We are of the opinion that he (the judge) was too rigid with the defendant, yet as he exercised a discretionary power, we cannot disturb his judgment." And Chief Justice RUFFIN, also speaking for the court, said, " The granting a new trial and the terms of it were altogether in the discretion of the superior court, where the rule was made, and so also was the enlarging the rule, or the refusal to enlarge it at the subsequent term. We should indeed, in the case stated, in the record, if that be all, have been disposed to enlarge the rule in this case; but I am not as capable of forming an opinion as the judge who presided and knew the value of the controversy, and the other circumstances; and as it is a matter of discretion, his must determine the question, not ours."

So in our case, the judge in the court below permitted the exceptions to be read by the defendant's counsel in connection with the report, with the understanding that if it should appear they were intended merely for delay as insisted by the plaintiff's counsel, or only technical, that he would not allow them to be filed. They were read and fully discussed before him, and we must take it, that they

were found to be only technical or for delay, as he refused to allow them to be filed. He heard the exceptions read and discussed in their bearing upon the report, and was certainly much better qualified to judge of their merit than we could possibly be, who have no opportunity of seeing or hearing them.

The excuse rendered in the affidavit of the defendant for not filing the exceptions in apt time, we do not think is sufficient to warrant this court in disturbing the judgment, upon the ground of an abuse of discretion, even if we had the right to do so.

For although his counsel was sick from one court to the next, and the defendant himself was too indisposed a part of the time to attend to business, he was represented by the junior counsel, who we must suppose was able to represent him, and we must presume that besides the local lawyers, whom he says he could not employ because of their connection with the case, as lawyer or witness, there were other attorneys, residing beyond the borders of his county, and attending the courts of the county, he might have employed.

How under the circumstances we might have exercised the discretion in the premises it is needless to say, but we do not feel that we are at liberty, in the face of the repeated adjudications of this court upon the matter of discretion involved in the case, to sustain the defendant's motion. We therefore hold there is no error. Let this be certified.

No error.  Affirmed.