THE SINGER MANUFACTURING COMPANY v. M. N. WILLIAMSON.

*Report of Referee—Exceptions to Report.*

A report of a referee having been filed, and the parties allowed time for exceptions, a party who has not filed exceptions within the time, has no right to take the objection, by motion for a recommittal, that the evidence was not filed with the report, and the referee did not report the facts upon which he based his conclusions of law; though the Court might, in its discretion, allow him to except for sufficient cause shown.

Civil action, heard before *Gilmer, J.*, at November Term, 1887, of the Superior Court of Forsyth County.

The facts sufficiently appear in .the opinion.

In the course of the action, the Court directed a compulsory reference, to take and state an account, &c.

The referee, while proceeding in some respects to act upon the matters referred to him, declined to pass upon the question of the liability of the defendant, in a certain respect specified by him, and as to this he recommended the submission of an issue to a jury.

Thereupon, the Court directed that the case be re-referred to a second referee, and, from the evidence taken by the first one, to report, whether the defendant " is responsible to the plaintiff for the acts and defaults of canvassers working under him." The second referee afterwards simply made report, that the defendant was responsible to the plaintiff " for the acts and defaults of canvassers working under him ;" he did not report the evidence before him, nor his findings of fact from the same.

The second referee having filed his report, " the Court granted leave to both parties to file exceptions within sixty days ;" within that time, the plaintiff filed exceptions to the report of the first referee, Buxton. The defendant filed no exceptions to either report.

When the case was called for hearing, at November term, 1887, all the exceptions filed to referee Buxton's report were either disallowed or withdrawn, and the defendant filed a written motion to recommit the question of liability of defendant for the default of canvassers, " to the end that the referee may report the facts upon which he bases his conclusions of law, so that the Court may be able to review his findings."

The Court denied this motion, and the appellant assigns this denial as error.

There was judgment for the plaintiff, and the defendant appealed to this Court.

No counsel for the plaintiff.
*Messrs. R. B. Glenn* and *J. C. Buxton*, for the defendant.

MERRIMON, J. The report complained of, was not void, and on that account it was necessary to recommit it; on the contrary, it efficiently served the purpose of the reference, and was sufficient in the absence of objection taken to it, by exception, in apt time. When the objection, in a case like this, is, that the evidence is not reported, or the facts are not specifically found, the objection must be taken by exception, in which the ground of it must be set out with reasonable certainty, so that the opposing party can have just opportunity to controvert it, and the Court can see what the objection is—its nature and extent.

The Court allowed the parties sixty days, after the report was filed, within which to except to it. This was ample time for the purpose. The defendant did not do so within that time, or at all. As he did not, the reasonable inference was, that he was satisfied with it. He was bound to be diligent; he could not be allowed to wait until the case was called for hearing, and then interpose objections, by motion, that he had ample opportunity to make, in apt time, by proper exceptions.

If, for some possible reason, he could not have excepted, when regularly he should have done so, the Court might, in its discretion, still have allowed him to except, but the exercise of such discretion is not reviewable here. It is not sufficient, that a party has ground of objection—he must avail himself of it, at the proper time, and in the proper way. Any other course would give rise to injustice and confusion. *State*

v. *Peebles*, 67 N. C., 97; *University* v. *Lassiter*, 83 N. C., 38; *Long* v. *Logan*, 86 N. C., 535.

There is no error, and the judgment must be affirmed.

Judgment affirmed.