J. T. GAY et al v. WM. GRANT, Administrator, et al.

*Referee's Report—Modification under Order of Superior Court—Exception.*

Where this Court remanded a cause with an order that the referee modify his report in certain particulars so as to conform to the rulings of this Court on appeal, the duties of the referee were simply those of an accountant instructed to alter and modify the account already stated and not to open the account and take additional testimony, and hence it was not necessary for the referee to give notice to the parties of the time and place, when and where he would make the corrections ordered to be made.

*Mr. R. B. Peebles*, for plaintiffs (appellants).

*Messrs. Thos. N. Hill* and *Thos. W. Mason*, fordefendants.

This case, begun on the 5th of March, 1878, was before this Court at its September Term, 1888, upon exceptions filed by both plaintiffs and defendants to the rulings of His Honor, *Judge Shepherd*, made at June Term, 1886, of NORTHAMPTON Superior Court, and was reported in 101 N. C., 206. The numerous exceptions were carefully considered by this Court, the report corrected, and the account stated in the report in many of its items specifically modified and altered. The case was remanded with the order that the account filed by the referee be modified in accordance with the opinion in the case.

At the Fall Term, 1890, of Superior Court of NORTHAMPTON, the following order was made in the case by the Judge presiding: "In this cause it is referred to R. O. Burton, Jr., the former referee, to state the amount due the plaintiffs in accordance with the judgment of *Judge Shepherd*, rendered as of June Term of the Superior Court of NORTHAMPTON County, 1886, as modified by the decisions of the Supreme Court, rendered on appeal from said judgment. Spier Whitaker, J., &c."

To the above judgment the plaintiffs excepted.

Under the said order the referee made a second report as follows:

*Second Report of Referee.*

This cause having been re-committed to me to correct the judgment of *Judge Shepherd*, as directed by the Supreme Court, and report the same, I respectfully submit the following:

1. The counsel for the plaintiff contended that he had the right to introduce additional testimony as to matters

prior to January 1, 1882, and asked leave to do so. I declined to permit the same, and he excepted.

2. I file herewith a summary of corrections ordered by the Court (Exhibit No. 1), aggregating $6,011.40, corrected account of Ida Martin (Exhibit No. 2), and corrected account of Mattie D. Maddrey (Exhibit No. 3).

3. I find that Ida Martin is entitled to judgment for $1,582.48, with interest on $1,027.59 from January 1, 1892, and that Mattie D. Maddrey is entitled to judgment for $352.82, with interest on $220.51 from January 1, 1892.

4. The share of Samuel E. Long is the same as that of Mattie D. Maddrey, to-wit, $352.82, with interest on $220.51 from January 1, 1892; but on the 19th day of August, 1884, the said Samuel E. Long, in consideration of $350 paid, executed to the defendant W. J. Rogers, as administrator of J. M. S. Rogers, deceased, the following assignment and transfer of all his interests:

In consideration of three hundred and fifty dollars to me paid by W. J. Rogers, as administrator of J. M. S. Rogers, deceased, I hereby transfer and assign to him all my distributive share in and to the proceeds of sale of the real estate, in and to the personal property, and in and to the real estate of Green Stancell, deceased, and covenant not to sue him further on account of the same.

Given under my hand and seal, this 19th day of August, 1884.          (Signed)   SAMUEL E. LONG.   (SEAL.)

WITNESS :

R. T. STEPHENSON.

Respectfully submitted, December 15, 1891.

R. O. BURTON, JR.,
*Referee.*

To the second report of the referee the plaintiffs filed the following exceptions : "1. For that no notice was given to them, or either of them, or their counsel, of the time and

place of taking and stating said account. Had an opportunity been offered they would have been able to show that the following debts, not charged against defendants in said report, were actually collected by the administrators, to-wit: The notes against Sol. Deloatch, W. H. Deloatch *et al.*, W. J. Taylor, Alfred Hart *et al.*, Henry Pruden, J. W. Coker and W. H. Garriss, T. S. Taylor *et al.*, W. B. Stubblefield (two notes), T. W. Jordan, of extent of fifty dollars, Mildred Buxton, T. H. Jordan, Samuel Pruden, W. J. Edwards and J. S. Rogers, and that many other notes with which defendants were charged by the judgment of *Shepherd*, *Judge*, and with which they were not charged, according to the exceptions sustained by the Supreme Court, could have been collected by ordinary diligence on the part of the administrators.

2. For that, according to the judgment of the Probate Court, the following plaintiffs were entitled to recover the following sums, none of which were allowed them in the said report filed December 20, 1891, to-wit: Margaret A. Gay and husband, one-thirteenth of the indebtedness of S. T. Stancell to his testator, $264.91, with interest from January 1, 1892, less $71.13, with interest from May 1, 1874; Adelia Gay and husband, $584.43+$264.91, with interest on $584.43 from May 1, 1874, and on $264.91 from January 1, 1882, less $335.37, with interest from January 1, 1882; Mary E. Gay and husband, $64.87, with interest from May 1, 1874, +$264.91, with interests from January 1, 1882; Alice P. Stephenson and husband, $264.91, with interest from January 1, 1882, less $29.15, with interest from May 1, 1874; B. D. Stancell, $107.04, with interest from May 1, 1874, +$152.20, with interest from May 1, 1874; Rosa Gay and husband, W. Y. Gay, $639.01+$152.20, with interest on both from May 1, 1874,

less $330 paid December 1, 1879, and $240.50 paid December 1, 1880.

3. For that the referee failed to state what was due Rosa Gay and husband. She, being a minor at time the suit in 1871 was commenced, was entitled to the same as Ida Martin, to-wit, $1,582.48, less the difference in payments to her appearing from Account " B."

Wherefore, plaintiffs ask that said report be set aside, and they have an opportunity of offering evidence before said referee to show that the bonds and notes referred to in these exceptions were collected, or could have been collected.

At April Term, 1892, of said NORTHAMPTON Court, the following order was made by the Judge presiding : "It is ordered that the referee Burton report further to the Court as to whether plaintiffs had any notice of the last hearing when the report was corrected in accordance with the decision of the Supreme Court; also, whether on said last rehearing the plaintiff offered any evidence, and what it was."

. (Signed)                        G. H. BROWN, JR.,
                                        *Judge*, &c.

In obedience to which, the referee made a third report, the following part of which only is essential to the hearing of the case before us :

*Third Report of Referee.*

*To the Honorable John Gray Bynum, Judge Presiding :*

. In obedience to the order of His Honor, *Judge Brown*, at April Term, 1892, I beg leave to report :

That I gave no notice to any one of the time and place of stating the account, when re-committed to me.

My construction of the order was that I had only to take the old account as modified by *Judge Shepherd* as a basis, and do merely the work of making it conform to the decis-

116—7

ion of the Supreme Court. Capt. R. B. Peebles, counsel for the plaintiffs, told me that he had evidence to offer, which antedated the first statement of the account by me, to-wit, January 1, 1882. He contended that the matter stood as if a new trial had been granted, and wanted to offer evidence. I told him I had no power to take new evidence as to the *status* of the account, and should hear no evidence of matters covered by the statement; but that I would give him the benefit of the offer, exclude it, and allow him an exception; that I saw no need of any offer of specified testimony, but if he desired to write out what he wished to prove, I would reject it for want of power to hear it, and give him an exception. There was considerable delay before I acted, and no specific offer was ever made.

At August Term, 1893, of said Court, the following judgment was entered up by the Judge presiding:

This cause coming on to be heard, at this term of said Court, upon the report of R. O. Burton, referee, ascertaining the amount of the judgment to which the plaintiffs hereinafter named are entitled, in accordance with the judgment of *Shepherd, Judge,* heretofore rendered in this Court, as modified by the decision of the Supreme Court; and said report appearing to the Court to be in conformity to said decision, it is now considered and adjudged by the Court that the exceptions of plaintiffs to said report are overruled, and the said report is hereby confirmed. It is further adjudged that the plaintiff Ida Martin do recover of the defendant William Grant, as administrator with the will annexed of Edmund Jacobs, and of the defendant W. J. Rogers, as administrator of J. M. S. Rogers, the sum of $1,582.48, with interest on the sum of $1,027.59 from the 1st day of January, 1892, till paid. It is further adjudged that plaintiff Mattie D. B. Maddrey recover of said defendants, as administrators aforesaid, the sum of $352.82, with

interest on the sum of $220.51 from the 1st day of January, 1892, till paid. It is further adjudged that the plaintiff Samuel E. Long, to the use of W. J. Rogers, assignee, recover of the said defendants, as administrators aforesaid, the sum of $352.82, with interest on the sum of $220.51 from the 1st day of January, 1892, till paid. It is further adjudged that the plaintiffs Ida Martin, Mattie D. B. Maddrey and Samuel E. Long recover of the said defendants, as administrators as aforesaid, their costs incurred herein, to-wit, two-thirteenths of the costs of the action, to be taxed by the Clerk. It is further considered and adjudged that the other plaintiffs to this action take nothing by their said action, and that they and their sureties to the prosecution bond pay the residue of the costs of this action, to be taxed by the Clerk, and it is so adjudged.

JNO. GRAY BYNUM,<br>
*Judge Presiding.*

From this judgment the plaintiffs appealed to this Court and assigned as errors the following:

1. The overruling of each of the exceptions to the report of said referee, which purports to modify and conform the said referee's former reports to the rulings and judgment of the Supreme Court in this action, which said exceptions and reports appear of record, and will be sent up as a part of said record and case on appeal.

2. For that the plaintiffs offered evidence before said referee tending to show that the claims due Green Stancell's estate, mentioned in plaintiff's said exceptions, were actually collected by his administrators, the said L. D. Gay and S. T. Stancell, prior to the original hearing of the cause by said referee, and said referee refused to hear and consider such evidence. Said evidence could have been procured and used before the referee on the original hearing.

3. For that the judgment of *Judge Whitaker*, rendered at Fall Term, 1890, was erroneous, and not authorized by the judgment and rulings of the Supreme Court.

MONTGOMERY, J. (after stating the facts) : There was no error in His Honor's overruling each and every one of the plaintiff's exceptions to the reformed report (2nd) of the referee.  As to the first exception, it was not necessary for the referee to have given any notice to any party to the suit as to when or where he intended to make the corrections which this Court had instructed him to make, at its September Term, 1888.  The account was not opened for the taking of additional testimony.  As to the second exception to the report of the referee, it is only necessary to say that the plaintiffs made no demand for any such sums as those therein set forth in their complaint or replication, nor did they offer any proof claiming them.  They ignored the said judgment, and sought and had an account of the administration from the beginning.  Besides, it appears from the records in the case, *Judge Shepherd's* judgment of June, 1886, and affirmed by this Court at its September Term, 1888 (*Gay* v. *Grant,* 101 N. C., 206), that these sums were not due.  As to the third exception to the referee's report, it is nowhere to be met with in the pleadings or evidence. It must have got into the exceptions through mistake.  No mention of it was made by plaintiff's attorney in his argument before this Court.

After a comparison of the first report of the referee with that of the second or reformed one, it is apparent that the referee has made the corrections which he was instructed to make by this Court, and that it is in all respects proper and in conformity with the ruling of this Court, in this case reported in 101 N. C., 206.  The second assignment of error is without force.  The case was remanded by this

Court at its September Term, 1888, with an order that the referee be instructed to modify the account which he had filed with his report, in accordance with the opinion of this Court. No additional testimony was asked to be taken by the plaintiffs and none ordered by the Court. The duties imposed upon the referee were simply those of an accountant instructed to alter and modify, in certain stated particulars, an account already stated, and to make it conform to the rulings of this Court in certain specified items. It was in no sense a new trial of the whole matter, and the referee properly rejected the offer to take other testimony.

It is to be observed that if the matters, which the plaintiffs complain they were not allowed to make proof of, were material and pertinent, they have themselves to blame for not putting them in evidence in the original taking of proof by the referee, because the plaintiffs admit that "said evidence could have been procured and used before the referee on the original hearing." The third assignment of error is not sustained. We think the judgment of His Honor, *Judge Whitaker*, was correct, and in conformity to the ruling of this Court, made at its September Term, 1888, in this case. There is no error in the judgment of the court below and the same is affirmed.

Affirmed.