### L. SCOTT REYNOLDS v. GREENSBORO BOILER AND MACHINE COMPANY.

(Filed 2 November, 1910.)

1. Pleadings — Filing — Time Enlarged — Answer — Nonsuit—Judgment—Excusable Neglect.

A general order for time to file pleadings has no effect upon a judgment by default for the want of an answer, rendered upon motion made before the order was entered, it appearing that several terms of the court had intervened since the action was begun and complaint filed.

2. Same—Notice—Motions—Calendar—Terms, Regular or Special.

Whether at a regular or special term of the court, Revisal, secs. 1516, 1517, a notice to the adverse party of a motion in term for judgment by default for the want of an answer is not necessary, for in legal contemplation the defendant is in court by service of summons and is charged with notice of whatever action the court takes during the pendency of the suit, irrespective of whether the cause has or has not been placed on the list of motions to be made at that term, there being no motion calendar in contemplation of law.

APPEAL from *Lyon, J.,* at the August Term, 1910, of GUILFORD.

Motion to set aside judgment by default rendered in the cause at June Special Term, 1909, of the Superior Court. It is admitted that the motion was entered and notice given within

twelve months from the rendition of the judgment, and that it was continued from term to term.

The judge below granted the motion and set aside the judgment. Plaintiff appealed.

*Scott & McLean* for plaintiff.
*Justice & Broadhurst* for defendant.

BROWN, J. The facts are that this action was duly commenced and summons served 4 January, 1909, and a duly verified complaint filed 3 February, 1909. Five or six terms of court intervened between the filing of the complaint and the rendition of the judgment at June Special Term, 1909, without the filing of an answer. At these terms a general order for "time to file pleadings was made."

Such an order was made at close of June Special Term, 1909, but before it was made plaintiff moved for judgment by default for want of an answer.

The excusable neglect, as stated in the findings consists in the fact that at the beginning of said special term counsel for defendant looked over the motion calendar made out by the bar, and not finding this case entered in the list of motions, without any inquiry of plaintiff's counsel, did not file an answer and departed for New York on business.

We are unable to agree with the judge below that excusable neglect is shown.

It was the duty of counsel to have filed an answer. While the general orders as to enlarged time for pleading in all cases might have prevented a judgment by default prior to the special term, they could not interfere with plaintiff's right to move for judgment by default at that term. The general order made at that term will not help the defendant for the motion was made and the judgment rendered before such order was entered. Consequently it could have no effect upon this case.

The fact that the case was not on the list of motions made out at the instance of the bar did not take from the plaintiff the legal right to move for judgment.

In contemplation of law there is no motion calendar. This

case was upon the summons docket awaiting the filing of an answer and when that docket was called, or whether regularly called or not, plaintiff had a legal right, especially after waiting so long, to demand judgment by default. No notice of such motion was necessary. In legal contemplation the defendant was in court by the service of the summons, and is charged with notice of whatever action the court takes during the pendency of the suit. *University v. Lassiter,* 83 N. C., 41; *Coor v. Smith,* 107 N. C., 431. The fact that the judgment by default was taken at a special term makes no difference.

The statute says: "The special terms of the Superior Court, held in pursuance of this chapter, shall have all the jurisdiction and powers that regular terms of the Superior Court have." Revisal, sec. 1516.

"All persons and witnesses summoned at the regular or special terms and officers or others who may be bound to attend the special term under the same rules, forfeitures and penalties as if the term were a regular term." Revisal, sec. 1517.

The order setting aside the judgment is reversed and the cause is remanded to the Superior Court of Guilford County to be proceeded with according to law.

Reversed.