MARY C. COLEMAN v. E. T. McCULLOUGH.

(Filed 2 December, 1925.)

**1. Reference—Remanding Cause—Hearings.**

Where the trial judge in passing upon the report of the referee to hear evidence, finds the facts therefrom, and reports them with his conclusions of law, sustains it only in part, and refers the case to the same referee "to find facts and state conclusions of law upon the issues," etc., the order of remand was for the purpose and comprehended only a revision of his findings and conclusions upon the evidence already taken before him.

**2. Same—Evidence—Notice to Parties.**

Where a case has been remanded to the referee for his findings and conclusions upon the evidence already taken before him without objection, and a party had made no request for a further hearing or the introduction of further evidence, upon a restatement by the referee of his report, it is not requisite that the referee give him notice.

**3. Same—Cumulative Evidence—Discretion of Court.**

The further report of a referee after the case has been remanded and approved by the trial judge, will not be disturbed on appeal to the Supreme Court for the mere failure to receive cumulative evidence, as this is addressed to the sound discretion of the trial judge.

**4. Same—Procedure—Filing Report—Laches.**

Where the cause is referred to a referee, a party thereto is affected with notice of the various steps taken during the progress of the trial, including the filing of the report of the referee, and his failure on this account to file his exceptions in apt time will not excuse his laches in so doing.

**5. Same—Findings—Exclusion of Evidence.**

A case will not be remanded to a referee upon the ground that evidence should have been taken on the question as to the measure of damages in the movant's favor for breach of contract, when the referee has found, upon sufficient evidence, that the opposing party had not breached it, and this finding had been approved by the trial judge.

**6. Reference—Orders.**

It is suggested that the trial judge in remanding a case to a referee, point out the special purpose of the recommittal, in order to avoid confusion or controversy therein.

STACY, C. J., dissenting.

APPEAL by plaintiff from *Schenck, J.,* at March Term, 1925, of FORSYTH.

On 20 May, 1922, the plaintiff and the defendant entered into a written agreement by the terms of which the defendant was to build for the plaintiff at a stipulated price certain houses on lots owned by the plaintiff. In the complaint it was alleged that the defendant had failed to comply with his contract, had locked the houses, and had refused to do

any other work or to permit the plaintiff to take possession of the property, whereby she had suffered loss. The defendant denied the material allegations of the complaint and alleged that he had performed his contract and that the plaintiff had paid only $400 on the contract price of $2952.50, leaving due him $2552.50; also that he had sustained other loss by reason of the plaintiff's breach of contract.

The following facts appear in the record: (1) At the February Term, 1924, of the Superior Court, Judge Bryson referred the cause to H. M. Ratcliffe, as referee, instructing him "to hear the evidence and arguments in the case, find his statement of facts and conclusions of law, and to report to the Superior Court." (2) In the months of February and March, 1924, the referee by consent of counsel heard the testimony of some twenty-five witnesses, and (argument having been waived by counsel) thereafter prepared his report, which was filed 11 August, 1924. (3) On 26 August, 1924, the plaintiff filed exceptions, and at the November Term, 1924, Judge McElroy affirmed the first four findings of fact and set aside findings 5 to 10 inclusive and the first and second conclusions of law, and thereupon remanded the cause to the referee "to find facts and state conclusions of law upon the issues that arise upon the pleadings and report his findings of fact and conclusion of law." (4) The plaintiff excepted to the court's approval of the third and fourth findings of fact, but not to the order remanding the cause. (5) The referee's second report which was dated 5 December, 1924, and filed 8 December, again recited the waiver of argument. In formulating this report the referee did not give notice to either party of a further hearing; and neither party made a request to be heard or to introduce additional evidence. (6) The plaintiff did not have actual notice of the filing of this report until 23 January, 1925; and between 8 December, 1924, and 23 January, 1925, two terms of the Superior Court were held. (7) On 7 February, 1925, a motion to remand the cause to the referee was filed, and at the March Term, 1925, it was heard by Judge Schenck and denied. The plaintiff then asked leave or moved to file exceptions to the report and his request or motion was refused. Judgment was rendered in favor of the defendant for $2390.75, the amount sued for $2552.50, less deductions for minor repairs made by the plaintiff. The plaintiff excepted and appealed.

*Swink, Clement & Hutchins for plaintiff.*
*Raymond G. Parker and W. L. Morris for defendant.*

ADAMS, J. The plaintiff rests her appeal upon two contentions: (1) That under Judge McElroy's order remanding the cause she had a legal right to be heard and to introduce evidence before the referee, and that

having been denied this privilege she had a legal right either to a reference or to a reasonable time for filing exceptions. (2) That she was entitled to a rereference or to an opportunity for filing exceptions on the ground of excusable neglect or surprise under C. S., 600. It appears, then, that the plaintiff's exceptions depend primarily, if not exclusively, upon the purpose and effect of Judge McElroy's order; and such purpose and effect can be determined only by reference to the context and the attendant facts.

It is to be observed in the first place that Judge Bryson appointed a referee to take the evidence, hear the argument, find the facts, and state his conclusions of law. This order, to which there was no exception, referred the cause for trial and not for the mere statement of an account as a step preparatory to a trial in term. *Barrett v. Henry,* 85 N. C., 322; C. S., 572 *et seq.* The evidence was taken, the argument was waived, and the report was filed in the Superior Court. The principal issue was whether the defendant had built the houses in compliance with his contract. In the fifth paragraph of his findings of fact the referee pointed out his personal examination of the houses, made at the suggestion of counsel on both sides, and deduced his finding not only from the evidence, but from his personal observation; and in the sixth paragraph he suggested that by taking the testimony of designated witnesses the court would no doubt concur in his finding. It would seem, then, that Judge McElroy's instruction that the referee should find the facts and state the law upon the issues raised by the pleading, is reasonably susceptible of only one construction, namely, that the referee, disregarding his personal observation of the houses and relying upon the entire evidence, not particularly upon the testimony of certain witnesses, should pass upon the specific issues and find whether either party had failed to abide by the terms of the written agreement. Manifestly the taking of additional evidence was not within the purview of the order; only a revision of the findings upon the evidence already taken. The object was a more definite report, not another trial before the referee. The argument of counsel had been waived and the plaintiff made no request of the referee to be heard before the second report was filed. Upon the mere restatement of his report the referee was not required to give notice to the parties. *Gay v. Grant,* 116 N. C., 93; *Winstead v. Hearne,* 173 N. C., 606.

There is another point: the plaintiff in effect admits in her brief that the proposed evidence, if admitted, would have been cumulative; and under the circumstances disclosed by the record we are satisfied the report should not be set aside for the introduction of evidence of this character. We find nothing in the record which prevented the operation

of the general rule and the consequent exercise by the judge of his sound discretion in refusing to recommit the cause for the admission of cumulative evidence.

Nor was the referee required to notify the parties that the report had been filed; their cause was pending and as they had no right to reopen the case for the introduction of cumulative evidence and as the argument had been waived, in contemplation of law they were affected with notice of the various steps that were taken during the progress of the trial, including of course the filing of the report. *Blue v. Blue,* 79 N. C., 69; *University v. Lassiter,* 83 N. C., 38; *Dempsey v. Rhodes,* 93 N. C., 120; *Williams v. Whiting,* 94 N. C., 481; *Coor v. Smith,* 107 N. C., 430; *Reynolds v. Machine Co.,* 153 N. C., 342; *Barger v. Alley,* 167 N. C., 362.

In *S. v. Peebles,* 67 N. C., 97, the Court said: "It is the well-settled rule that exceptions to such reports must be made, as a matter of right, at the court to which the report is made, and after that it is a matter of discretion with the court whether such exceptions shall be allowed or not." *Green v. Castlebury,* 70 N. C., 20; *University v. Lassiter, supra; Commissioners v. Magnin,* 85 N. C., 115; *Long v. Logan,* 86 N. C., 535; *Mfg. Co. v. Williamson,* 100 N. C., 83; *McNeill v. Hodges,* 105 N. C., 52. The plaintiff took no action with reference to the report until two terms of the Superior Court had elapsed and thereby lost her opportunity to file exceptions as a matter of right.

The plaintiff's motion to remand the cause was not meritorious. It was based upon the affidavit of John Coleman, the plaintiff's husband, in which it was alleged that the plaintiff had been denied the right to introduce evidence tending to show the difference in value between the houses as built and as contemplated by the contract. The answer to this position is obvious. Apart from the question of its cumulative character the proposed evidence would have been competent only in case of the defendant's failure to comply with his contract. But the referee found as a fact that there had been a substantial compliance with the defendant's contract, and this finding was affirmed by the judge. There was no occasion for applying the measure of damages set up in the affidavit.

As to the second contention only this need be said: if, without deciding the point, we assume that section 600 may be invoked in this kind of proceeding, still, as the plaintiff was charged with notice of each step in the progress of the cause, her failure to file exceptions to the report was not the result of surprise or excusable neglect within the meaning of the statute.

It may not be inappropriate to suggest that when a cause is remanded to a referee, controversy may be prevented by an order pointing out the

COLEMAN *v.* McCULLOUGH.

special purpose of the recommittal—whether to take additional evidence, or to make additional findings of fact on the evidence taken, or simply to revise the report. When this is done neither the referee nor the parties need have cause for a difference of opinion as to the scope of the further proceeding. The judgment is

Affirmed.

STACY, C. J., dissenting: I regret to disagree with my brethren on a question of procedure, but our difference in the present case is fundamental and goes to the basic right of every litigant to be heard. *Markham v. Carver,* 188 N. C., 615.

It will be observed that Judge McElroy adopted the first four findings of fact, as originally made by the referee, set aside the last six, together with the referee's first two conclusions of law, and then remanded the cause to the referee "to find facts and state conclusions of law upon the issues that arise upon the pleadings and report his findings of fact and conclusions of law to the Superior Court."

It is held by the court that this order did not contemplate the hearing of additional evidence by the referee, but that its only purpose was to have the referee revise his findings upon the evidence already taken and make his report more definite. I do not so understand the order. If this be its meaning, why was the matter sent back to the referee at all? The evidence previously taken by the referee accompanied his report and was then before the judge of the Superior Court who was authorized, in the exercise of his supervisory power, to amend, modify, set aside, make additional findings and confirm, in whole or in part, or disaffirm the report of the referee. C. S., 579; *Vaughan v. Lewellyn,* 94 N. C., 474; *S. v. Jackson,* 183 N. C., 695. The judge adopted some of the findings originally made by the referee and set aside others. His order certainly contemplated another hearing before the Superior Court upon the final report of the referee, and this would have been a useless consumption of time if it was to be made only on the evidence already taken and then before the court. Why have another hearing upon the same evidence when both the referee and the judge had already heard the case on that evidence? Why did Judge McElroy not proceed to judgment immediately upon the evidence then before the court?

The two reports of the referee are almost identical. The amount awarded the defendant is the same in both reports. On exceptions filed to the first report, six of the referee's findings were set aside. These, it seems to me, have been reinstated and confirmed without adequate opportunity on the part of the plaintiff to be heard, either before the referee or the judge of the Superior Court. The fact that they were set aside in the first instance would indicate serious dispute as to their

correctness, but it appears that plaintiff won on her exceptions first filed, only to lose later without further opportunity to be heard.

Possibly the plaintiff deserves to lose on the merits of her case; but as a matter of procedure, she is entitled to a fair opportunity to be heard and she ought to be made to feel, as every litigant should rightly feel, that she has had a fair chance to present her case. A majority of the Court considers that this has been done in the instant suit. I think otherwise; and from this difference, springs our divergence of opinion.