No. 62.—William Smith and Alfred Shorter, plaintiffs in error, *vs.* Daniel R. Mitchell, defendant.

[1.] The assignment of errors cannot enlarge the bill of exceptions, but must be supported by it.

[2.] The notice of the signing of the bill of exceptions must be signed by the party or his counsel.

Motion to dismiss the writ of error.

The defendant in error in this cause joined issue, with protestation, to the first assignment of error, because, in the assignment of errors, it is alleged that the counsel for Smith requested that the Jury should be polled *before the verdict was recorded,* when there is nothing in the bill of exceptions, or the record, to show that any such request or motion was made before the verdict was recorded.

The defendant in error farther moved to dismiss the writ of error, on the grounds—

1st. That no notice of the signing of the bill of exceptions by the presiding Judge, was served on the defendant in error, as required by law.

2d. Because the notice of the signing of the bill of exceptions by the presiding Judge, was not filed in the Clerk's office of the Court in which said cause was tried, according to law.

Smith and Shorter *vs.* Mitchell.

3d. Because the writ of error served on the defendant in error, is in a different cause from the one to which the defendant is cited to appear and defend.

4th. Because the case stated in the record is different from that in which the writ of error is sued out.

The notice served and filed in this case was not signed by the plaintiffs in error or their counsel.

The bill of exceptions stated the cause as being between Daniel R. Mitchell, and William Smith, Hugh M. Cunningham and Alfred Shorter. It farther appeared from the bill of exceptions, that Hugh M. Cunningham had died pending the suit, and that his representatives had never been made a party. The writ of error and citation stated the names of Smith and Shorter alone as plaintiffs in error, but in describing the case below, the writ of error stated the name of Cunningham also.

Akin & McDonald, for the motion.

W. H. Underwood & Trippe, contra.

*Per Curiam.*—Nisbet, J. delivering the opinion.

[1.] The assignment cannot enlarge the bill of exceptions, and us in this case, it states a material fact, to wit : that the request to poll the Jury was made before the verdict was recorded, which does not appear in the bill, that statement must be stricken out of it.

In the descriptive part of the bill, and also of the writ of error, Cunningham is stated to have been a party to the cause below. The record shows that he had been a party, but had been dismissed by order of the Court. He was not a party when the cause was tried below. In the writ of error, and in the citation, he is not made a party—the only parties are Mitchell, Smith and Shorter. In this the pleadings all agree ; the variance is immaterial, and the pleadings might be amended so as to conform literally, if necessary.

[2.] The notice of the signing and certifying of the bill, is not signed by any one. There is an acknowledgment of service on it by the defendant in error—it states the case truly and comes up with the record. That this is notice in fact, may be conceded,

but it is not legal notice.  To be so, it must be signed by the plaintiff in error or his counsel.  As this objection is now made for the first time, we will not dismiss this cause, but in future a notice, to be valid, must be signed.