49   143
57a  608

49   143
84a  170

49   143
185   405

## HARVEY POWELL

### *v.*

## LAUGHLIN FEELEY.

1. ACTION—*before justice of the peace.* Where a plaintiff files an account before a justice of the peace, upon which suit is brought, and in it he charges the defendant was guilty of fraud, the plaintiff may recover although no fraud is proved, if he only establish a right of recovery of which the justice has jurisdiction. And the same practice obtains on a trial of an appeal in the circuit court.

2. JURY—*their discharge by the court.* Where a circuit judge directed a jury, on their retirement, that they could reduce their verdict to writing, seal it, leave it with the clerk, and then be discharged for the term, such action can not be assigned for error, unless the party at the time objects, and preserves the question in a bill of exceptions.

3. VERDICT—*weight of evidence.* This court will not disturb a verdict unless it is manifestly against the evidence in the case.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Feeley sold Powell two hundred and twenty-seven bushels of wheat, Powell agreeing to pay the highest price paid that day at Oneida, and upon this condition Feeley let Powell have the wheat. Powell paid Feeley two hundred and twenty-seven dollars, or at the rate of one dollar per bushel, and Feeley claiming that the wheat, when delivered, was worth more,

and that he could have got more than the one dollar per bushel, but, relying upon the promise of Powell, delivered it to him, brought his suit before a justice of the peace, upon the following account:

" *Harvey Powell,*
　　　　　　　To LAUGHLIN FEELEY,　　　　　*Dr.*
To balance due on sale of wheat, by virtue of misrepresentations of said Powell, at the time of said purchase and sale,　　　　　　　　　　　　　　　　$75 00

The trial resulted in a verdict and judgment against Powell for thirty-eight dollars damages. The defendant appealed from this judgment to the circuit court, where a trial was had before the court, and a jury, who returned a verdict upon which a judgment was rendered, affirming the former judgment. The defendant brings the record to this court by appeal, and asks that the judgment be reversed, and assigns as a reason the erroneous instructions given for the plaintiff, on the trial of the cause in the court below.

Mr. F. C. SMITH, for the appellant.

Mr. J. B. RICE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It has been so long and so frequently held by this court, that in a suit before a justice of the peace, the pleadings being oral, a party is entitled to recover if he established any cause of action of which the justice of the peace had jurisdiction, and this, too, by whatever name he may call his action, that we deem it unnecessary to discuss the question raised on the first of appellee's instructions. It could not matter. if he, in his account, did say that appellant was guilty of fraud in

the purchase of the wheat.   That did not deprive appellee of proving that appellant owed him for the wheat.   To so hold would render trials before justices of the peace highly technical, where the legislature has properly intended to dispense with all technicality.   It does not matter by what name a plaintiff in that court designates his action, if he but proves a cause of action falling within the jurisdiction of the justice.

Only a part of the instructions are set out in the abstract, but we have referred to the record, and there find that the same instruction, in slightly a different form, was given, as that which the court refused to give for appellant, and numbered five in the series.   A careful examination of all the instructions given, shows that they fairly presented the case to the jury.

It is urged, that the circuit court erred in directing the jury when they retired to consider of their verdict, that when they agreed, they could reduce it to writing, seal it, deposit it with · the clerk, and then be discharged from further attendance on the court during the term.   It nowhere appears that appellant interposed any objection to this direction of the court.   Had appellant objected to it, he should have made it known to the court, and if not allowed, he should have preserved his objection in a bill of exceptions.   It was· his right to have the jury polled if he had not waived it.   But failing to object to the course pursued by the court, he waived the right, and can not raise it for the first time in this court.   A party has no right to stand by and permit steps to be taken in his case without objection, and if the result does not favor his interest then raise objections.

An attentive examination of the evidence satisfies us that it sustains the verdict.   It is only in cases where the verdict is manifestly against the evidence that this court will disturb the finding of a jury.   Such is not the case on this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*