Cooper v. Morris.

EDWARD COOPER ET AL., PLAINTIFFS IN ERROR, v.
CHARLES MORRIS, DEFENDANT IN ERROR.

1. Actual occupancy by·residence, cultivation or enclosure, or the erec-
tion of permanent improvements, is not required in order to establish
title by adverse possession, and whether, in any case, title has been
acquired by length of possession, and to what extent and within what
limits, must be determined by the actual facts.

2. It is not error for the judge to call the jury from their room, and give
them further instructions in the absence of the plaintiffs and their
counsel. In contemplation of law, the parties and their counsel re-
main in court until a verdict has been rendered, or˙ the jury dis-
charged from rendering one.

3. Where, in an action of trespass *qu. cl. fr.*, the defendant pleaded the
general issue and *liberum tenementum*, and the jury found a verdict of
not guilty. *Held*, that the finding was virtually a finding in favor of
the defendant upon the special plea.

4. If a verdict is faulty in matter of form only—not in substance—the
technical defect is no ground for reversing the judgment. The ver-
dict may be amended, if necessary.

In error to Passaic Circuit Court.

For the plaintiffs in error, *A. B. Woodruff*.

For the defendant in error, *E. Stevenson*.

The opinion of the court was delivered by

THE CHANCELLOR. The action is for trespass *quare
clausum fregit*. The defendant pleaded the general issue and
*liberum tenementum*. Of the errors assigned, which it is
necessary to notice, one has reference to the refusal to admit

in evidence a deed to one Dennis Morris; others, to refusals to charge as requested by the plaintiff's counsel; another, to the conduct of the judge, in calling the jury from their room after they had retired to consider of their verdict, and, in the absence of the plaintiffs and their counsel, giving them further instructions; and another, to the form of the verdict. As to the first, it does not appear that the deed to Dennis Morris had any relevancy whatever to the subject of the controversy. The requests to charge were, first, that there was no evidence in the case which showed any title to the premises, by adverse possession, in the defendant or those under whom he claimed; and second, that to make out a title by adverse possession in the defendant, he must prove a continual, open, visible and exclusive possession of land, marked by definite boundaries, either by a fence or some other visible designation of the lines, as defined by the description in his deed or deeds; and that no such possession of the *locus in quo* had been proved in the case. The judge could not have charged that there was no evidence of adverse possession. He properly charged that there was evidence upon that subject, of the weight and sufficiency whereof the jury were to judge. Nor could he have charged, as requested, that there could be no title by adverse possession, where the land was not marked by definite, visible designation of the boundary lines, as laid down in the description of the property in the deed or deeds of the person claiming such title. Such a charge would have been contrary to law. It would have been to the effect that there can be no title by adverse possession, except under color of title by deed; and that in such case there can be no title by adverse possession, however marked, hostile and notorious the possession, and its accompanying acts and declarations may be, unless the land be marked off by fences, or other visible description of its boundary lines. In *Foulke* v. *Bond,* 12 *Vroom* 527, it was held that actual occupancy by residence, cultivation or enclosure, or the erection of permanent improvements, is not required in order to establish title by adverse possession, and that whether, in any case, title has been

acquired by length of possession, and to what extent and within what limits, must be determined by the actual facts. The judge in this case charged upon the subject by quoting the language of this court in that case.

The conduct of the judge, in calling the jury from their room, and giving them further instructions in the absence of the plaintiffs and their counsel, is not error. In contemplation of law, the parties and their counsel remain in court until a verdict has been rendered or the jury discharged from rendering one.

The verdict was, in form, that the defendant was not guilty of the trespass as alleged in the plaintiffs' declaration. It is evident that it was based upon the validity of the defendant's claim of title. In his special plea he admitted the commission of the acts complained of as trespasses in the plaintiffs' declaration, and averred that the premises, at the time of the doing of those acts, were his freehold. In finding that he was not guilty of the trespasses laid to his charge, the jury must have found in his favor upon the special plea. The finding upon the general issue was virtually a finding upon the issue upon the special plea. The verdict is faulty in matter of form only, not in substance. The technical defect is no ground for reversing the judgment. The verdict may be amended, if necessary. *Delaware, Lackawanna and Western R. R. Co.* v. *Toffey,* 9 *Vroom* 525; *Pow. App. Proc.* 148, 149.

The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER. 15.

*For reversal*—None.