THE SPRINGFIELD CONSOLIDATED RAILWAY COMPANY

*v.*

JOHN WELSCH, by his guardian.

*Filed at Springfield April 2, 1895—Rehearing denied June 10, 1895.*

1. EVIDENCE—*res gestœ—declarations of a motorman at time of injury.* A declaration by the motorman running an electric car, made while the car was still on the body of one it had run down, that the reason he did not stop was that he could not reverse the car, is admissible in evidence as part of the *res gestœ,* in a suit for the injury.

2. SAME—*physician's opinion as to effect of injuries.* In an action for injury it is not error to permit the attending physician of plaintiff to testify that such injury would impair plaintiff's ability to work when on his feet, but to what extent he could not tell, and that plaintiff was a "cripple."

3. SAME—*leading question—calling for conclusion.* In an action for an injury caused by an electric car, a question by the company's attorney, on direct examination of the motorman who ran the car, as to whether he "used all the means and all the power" he had to stop the car and prevent the injury, is improper, as being suggestive and as calling for the conclusion of the witness.

4. NEGLIGENCE—*degree of care required of an infant.* The law only requires of an infant such care and caution as are ordinarily exercised by one of such infant's age and capacity.

5. TRIAL—*right to a poll of the jury.* A party desiring to have a jury polled must make his request when the verdict is returned, and before the jury is discharged.

*Springfield Consolidated Railway Co.* v. *Welsch,* 56 Ill. App. 196, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

WILSON & WARREN, and PALMER, SHUTT & DRENNAN, for appellant.

SCHNEPP & BARNES, and CONKLING & GROUT, for appellee.

Mr. Justice Baker delivered the opinion of the court:

This action was brought in the Sangamon circuit court by John Welsch, by Emma Shoenle, guardian, against the Springfield Consolidated Railway Company, to recover damages for personal injuries. A jury trial resulted in a verdict for $2500 in favor of the plaintiff and against the defendant, who is the appellant here. The judgment rendered on the verdict was affirmed in the Appellate Court.

The facts as found by the lower courts are, briefly, as follows : That on the morning of August 20, 1893, appellee, a boy seven years of age, was walking south on Second street, in the city of Springfield, when he was set upon by a pack of four or five dogs and by them chased west on Carpenter street, on which appellant operated an electric street railway. As he ran to escape the dogs, all the while looking back over his shoulder, he came upon appellant's track, along which a trolley-car was approaching. His attention being entirely taken up with the pursuing dogs, he neither saw nor heard the car, which presently reached and ran over him, breaking his leg; and further, that the injury to appellee was caused by the negligence of the servants of appellant, appellee having observed due care for one of his years and capacity.

It is contended that the trial court erred in permitting a witness to testify that when the car had just stopped, and while appellee was still under it, the motorman said "he could not reverse the car—the reason he did not stop it." This was plainly admissible as part of the *res gestæ. Quincy Horse Railway Co.* v. *Gnuse,* 137 Ill. 264.

It is urged that it was error to permit Dr. Dixon, the physician who attended appellee, to state what effect appellee's injury would have as to his ability to work when on his feet. He stated that it would impair it some, but to what extent he could not tell, but that appellee was a cripple. We see nothing objectionable in that testimony.

Again, it is urged that the trial court erred in refusing to permit appellant to ask the motorman this question: "Well, tell the jury whether or not you used all the means and all the power you had to stop the car and prevent it running over him." Such ruling was not erroneous, for the question was suggestive. Moreover, the witness stated, in answer to other questions, exactly what he did. Whether or not what he did was all he could have done was for the jury to determine, and not a matter upon which the witness might express his opinion.

Four instructions were given in behalf of appellee, of all of which appellant complains. The fourth was as follows:

"The court instructs the jury that the law does not require of an infant seven years of age the same degree of care and caution which it does of an adult, but it only requires such care and caution as is ordinarily exercised by one of his age and capacity."

There was evidence that appellee was but seven years of age. The instruction was therefore proper. *Chicago and Alton Railroad Co.* v. *Murray,* 71 Ill. 601.

The objections raised to the other three instructions are utterly without merit.

Appellant further contends that the trial court erred in overruling its request to poll the jury. Neither appellant nor its counsel was present in court when the verdict was returned. The court received the verdict and discharged the jury from the cause. Two days later counsel for appellant appeared in court and entered a motion for a poll of the jury, which was denied—and very properly. If a poll of the jury was desired, the request therefor should have been made when the verdict was returned and before the jury were discharged.

We find no error in the record, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*