BARGER BROTHERS v. A. S. ALLEY.

(Filed 2 December, 1914.)

**Superior Courts—Verdicts Taken by Clerks of Court—Agreement of Counsel —Notification to Counsel—Judgments Signed Out of Term—Appeal and Error.**

By agreement of counsel, the clerk of the Superior Court can represent the judge in taking the verdict of the jury; and when so done, and counsel representing one of the parties are not present, owing to the failure of the deputy clerk to notify them as he had promised to do, the validity of the verdict is not thereby affected, especially when no prejudice to the complaining party has been shown. Agreements of counsel that the clerk should take the verdict of the jury and judgment be mailed to the judge to be signed as out of term is discussed and disapproved, though not held for error.

APPEAL by defendant from *Harding, J.,* at May Term, 1914, of IRE-DELL.

*H. P. Grier and A. L. Starr for plaintiffs.*
*G. A. Morrow and W. D. Turner for defendant.*

CLARK, C. J. There was no exception to the evidence or the charge. The court finds the facts that at 10 a. m. Saturday, the last day of the court, this case was given to the jury. It was the last case on the calendar for trial, all the business of the term having been transacted. While waiting for the jury to return their verdict before adjourning the court for the term, the judge ascertained that the train for his home would leave in about thirty minutes. Counsel on both sides consented that the clerk might take the verdict, it being a plain action of debt, and that the judgment should be mailed to be signed by the judge at Winston, as of the term, and the judge left for home. The judge instructed the sheriff and the clerk that if the jury did not agree upon a verdict by 5 o'clock that day to withdraw a juror and make a mistrial, and this was consented to by counsel on both sides. About 4 p. m. the jury came in.

The clerk was present, received and recorded their verdict, and judgment in accordance therewith was sent to the judge at Winston and signed.

There was no exception that the verdict was thus taken by the clerk in the absence of the judge according to the agreement of counsel. The only exception is that about 3 p. m. counsel for the defendant asked the deputy clerk, in the absence of the clerk himself, to notify them when the jury came in. The deputy clerk failed to so advise counsel, and the clerk, in the absence of such information, took the verdict. There is no suggestion that any detriment accrued to the defendant thereby.

It is not unusual to agree that judgment may be entered in vacation as of the term. It is also not unusual to agree that the clerk may receive the verdict, in the absence of the judge. It is rather unusual to agree for the clerk to accept a verdict after the judge has left the court. It is a practice not to be commended. It may lead on occasions to serious inconvenience, for strictly speaking the court ends when the judge leaves. *Delafield v. Construction Co.,* 115 N. C., 21. An agreement that the judge may sign the judgment out of term is subject to the same objection, though there is less probability of confusion.

In this case, however, counsel distinctly say that they do not wish to disavow their agreement that the clerk might take the verdict. They rest their sole exception upon the ground that the deputy clerk did not tell the clerk that they wished to be present, but they offer no evidence of the defendant having suffered any injury by reason of their absence.

It has always been held that parties have a right to be present at the rendition of the verdict, but that, except in capital cases, they can waive such right. *S. v. Paylor,* 89 N. C., 539. It has also been held that this right is personal to the parties themselves, and that it is not ground of a new trial if counsel are absent at the rendition of the judgment.

By agreement, the clerk can represent the judge in taking the verdict. *Ferrell v. Hales,* 119 N. C., 199; 38 Cyc., 1873, citing this and many other cases.

Even in a criminal case it is held: "The presence of counsel at the rendition of the verdict has never been held essential to its validity." *S. v. Jones,* 91 N. C., 654; *S. v. Austin,* 108 N. C., 780. In the latter case, which fits this case, it is said: "It is not suggested that the defendants were prejudiced in any way by the judge's absence. If there is any evidence indicating that they had been, we are sure their able and astute counsel would have pointed it out and the judge would have promptly set the verdict aside. The motion seems rather based upon a dislike to the tenor of the verdict itself, and a desire to be relieved from it, than upon any grievance sustained by the manner of its rendition." In *S. v.*

*Jones,* 91 N. C., 654, it is said: "Whether or not a verdict will be set aside because of the absence of defendant's attorney at the time of the rendition of the verdict is in the discretion of the presiding judge." While we distinctly consider the practice of taking a verdict after the departure of the judge from the court, which can only be done by consent, as one to be avoided, we cannot hold it in this case ground for new trial, since counsel are unwilling to disavow their agreement and no prejudice is shown to have accrued thereby.

The failure of the deputy clerk to notify the clerk of the wish of counsel to be present was a personal arrangement between them, and the failure to do so ought not to be visited upon the plaintiffs in this action, who are in no wise responsible for such failure. It was no part of the agreement between counsel that defendant's counsel were to be present at the rendition of the verdict, and the presence of counsel is not a matter of right, like the presence of the parties themselves, which is required unless waived. This may be done during the term of court, without express agreement, by the negligent and voluntary absence of the party, for he is fixed with notice of all that transpires and is made of record in the progress of the action and of all the pleadings and admissions of facts by his counsel in the cause, after he is once served with process. *Sparrow v. Davidson,* 77 N. C., 35; *University v. Lassiter,* 83 N. C., 38; *Ferrell v. Hales,* 119 N. C., 199, and cases there cited; Clark's Code (3 Ed.), sec. 595. But as to action taken out of term he is not fixed with notice except by consent expressly given, as in this case.

It is not found as a fact, nor is there any exception, in this case that the defendant himself was not present at the rendition of the verdict. It was his duty to see that his counsel was present, if he so desired.

No error.