## HOOPER v. SHORR et al.
### No. 6965.

Circuit Court of Appeals, Seventh Circuit.
Dec. 15, 1939.

Edwin Hamilton, Generose J. Devanna, and James W. Breen, all of Chicago, Ill., for appellant.

Harold L. Reeve, Matthias Concannon, Charles F. Grimes, and Maurice A. Barancik, all of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of February 24, 1939, and an order of January 25, 1939. The former was a denial to expunge from the record an order of September 24, 1936, and the latter an order dismissing the cause of action for want of prosecution, the plaintiff refusing to proceed.

The suit is one of ejectment brought by the plaintiff as a resident of Massachusetts against the defendants, residents of Illinois. On December 4, 1935, the cause came on for trial and the defendants failing to appear, an ex-parte hearing was had and it appears that the court made a finding in favor of the plaintiff. Inasmuch as the ultimate question to be decided is dependent largely upon this finding, we set it forth.[1]

Pursuant to this finding, the Clerk issued a writ of possession. On July 22, 1936, at a subsequent term of court, defendants filed their petition to quash and recall the

---

[1] "This matter coming on to be heard upon the regular trial calendar and plaintiff being present and defendants come not and evidence being heard the court finds as follows: That defendants are guilty of unlawfully withholding possession of Lot 9 and North one-half (N ½) of lot (10) in Block 6 (6) in Anna Price's subdivision of the N. W. ¼ of the N. W. ¼ of Section 10, Township 38 North, Range 14, east of the 3rd P. M. in the City of Chicago, Cook County, Illinois, and that plaintiff owns said property in fee simple title;

"It is therefore ordered that a writ of ejectment issue according to the statute in ejectment and that have and recover his costs to be taxed by the clerk and that execution issue therefor."

writ of possession and also their motion for a new trial. We see no reason for a detailed statement concerning the reasons assigned in support of such petition and motion. Briefly, it may be stated that defendants predicated their petition and motion largely upon the allegation that no judgment had been rendered as a basis for the writ and that the defendants were entitled to a trial by jury under 28 U.S.C.A. § 770. It was also alleged that the cause was not at issue on December 4, 1935; that it was improperly placed upon the trial calendar in violation of the rules of the District Court, by which the defendants were misled and, as a result thereof they failed to defend the suit.

On August 22, 1936, the plaintiff filed his motions to strike the petition to quash and the motion for new trial, mainly on the ground that a judgment was pronounced on December 4, 1935; that any error in that respect could be taken advantage of only by appeal; that by failure to appear, a trial by jury was waived and the judgment being final, the court was without jurisdiction at a subsequent term to vacate the same. On September 24, 1936, a hearing was had by the court which denied plaintiff's motions to strike and sustained both defendants' petition to recall and quash the writ of possession and their motion for new trial on a finding that the order of December 4, 1935 did not constitute a judgment in favor of plaintiff for recovery of possession of the premises; that no judgment has ever been entered in the cause, and that the writ of possession was void "because it is not supported by a judgment in favor of the plaintiff for the recovery of possession of the premises therein described." On January 25, 1939, plaintiff filed a petition to expunge from the record the order of September 24, 1936, based substantially on the same grounds as that assigned in its motion of August 22, 1936. This petition was on the same date denied and the cause set for trial February 24, 1939. On that date the cause was dismissed for want of prosecution.

As heretofore stated, the appeal is from the order of January 25, 1939, denying plaintiff's petition to expunge, and from the order of February 24, 1939, dismissing the cause.

Plaintiff contends the latter order was erroneous for the reason that the order of September 24, 1936 was void for want of jurisdiction. It is conceded, however, that its attack upon the latter order is predicated upon the theory a judgment was pronounced by the court on December 4, 1935. On the other hand, it is the contention of the defendants the action of the court on December 4, 1935 was merely a finding as distinguished from a judgment and that no judgment having been entered, the court retained jurisdiction, and thus its order of September 24, 1936, recalling and quashing the writ of possession was proper, and that it was within the discretion of the court to allow their motion for a new trial. It follows, so it is argued, that the action of the court in this respect being valid, the cause was rightly on the docket for trial and, that when the plaintiff, on February 24, 1939, refused to proceed, the order of dismissal was proper.

It will thus be seen that the respective theories are predicated upon the conflicting interpretations of the action of the court of December 4, 1935. If, as plaintiff contends, a judgment was then pronounced, the cause must be reversed. On the other hand, in the absence of such judgment, the theory of the defendants must be sustained and the cause affirmed.

The finding of the court of December 4, 1935, heretofore set forth, is referred to in the briefs as "a draft order." There is no testimony, oral or otherwise, which supports the argument in favor of a judgment except this draft order. In plaintiff's brief, referring to the alleged judgment, it is stated: "The only evidence of this is a draft order signed by the Judge." We have investigated the numerous authorities cited by the parties in support of their respective contentions, which we do not find to be of material assistance. Plaintiff cites a number of authorities which distinguish between the rendition and entry of a judgment. As to the former, it seems to be the rule, generally followed, that an oral pronouncement by the court in open court is sufficient. Such authorities, however, are not applicable in the present case for the reason there is no evidence of any oral pronouncement—in fact, as stated, there is nothing except the draft order. Authorities are not in point to the effect that the pronouncement of a valid judgment is not dependent upon its entry; that the latter is a matter for the Clerk, and that in making such entry he may properly take into consideration what he hears the judge orally pronounce, the judge's notes, or his own notes made at the time.

The argument is made that the draft order was at least a memorandum from which a judgment might have been entered. Assuming, but without deciding that the draft order was sufficient upon which a judgment might have been pronounced, yet the fact remains there is no evidence that any such action was taken. We can not decide the issue upon what might or should have been, or what the court would likely have done under such circumstances, but we are bound by the disclosures of the record as to what was actually done.

Section 32, Chapter 45, of the Illinois Ejectment Statute (Smith-Hurd), with reference to the form of judgment provides:

"In cases where no other provision is made, the judgment in the action, if the plaintiff prevail, shall be, that the plaintiff recover the possession of the premises, according to the verdict of the jury, if there was such a verdict, or the finding of the court, if the case is tried without a jury; or, if the judgment be by default, according to the description thereof in the complaint, with costs to be taxed."

 It seems apparent that this statute clearly contemplates a judgment predicated either upon the verdict of a jury or the finding of the court. If the case had been tried by a jury and a verdict rendered in favor of the plaintiff, it would seem clear that such verdict would not constitute a judgment. The verdict would merely afford the basis for a judgment, but it would not follow, as a matter of course, that such pronouncement was made. The same reasoning must be applied to a finding of the court where trial is without a jury. The language of the statute is compelling in this respect. The draft order means nothing more than a finding of the court. It does not constitute a judgment and is in itself no evidence that a judgment was subsequently pronounced.

Defendants argue that even if the draft order be considered a judgment, it is not in compliance with the Ejectment Act above quoted. There is no occasion to consider this argument in view of our conclusion that what plaintiff relies upon as a judgment was plainly nothing more than a finding by the court.

In 1 Black on Judgments, 2nd Ed. 1902, par. 3, page 8, it is said:

"* * * Again, the judgment must be definite. It must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment, or from a direction to the effect that a judgment may be entered. * * *"

 There being no judgment entered on December 4, 1935, nor at any other time, so far as the record discloses, the writ of possession issued pursuant thereto was void. It follows that the court retained jurisdiction and properly entered its order of September 24, 1936, quashing and recalling such writ. Also, the court in allowing the motion for a new trial was acting within its discretion, concerning a matter not subject to review. It also follows that the court properly denied plaintiff's petition to expunge the order of September 24, 1936, and that the court was justified in its order of February 24, 1939, dismissing the cause for want of prosecution.

The orders appealed from are affirmed.