FINN v. CARNEGIE-ILLINOIS STEEL CORPORATION (F. H. McGRAW & CO., Third-Party Defendant).

Civil Action No. 5058.

District Court, W. D. Pennsylvania.

Sept. 30, 1946.

James A. Wright, of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, by Ira R. Hill, all of Pittsburgh, Pa., for defendant and third-party plaintiff.

John M. Reed, of Pittsburgh, Pa., for third-party defendant.

GOURLEY, District Judge.

In this case Raymond P. Finn filed an action to recover damages against the Carnegie-Illinois Steel Corporation, a corporation of New Jersey, as a result of injuries sustained while working for an independent contractor on the premises of the Defendant Company. The Carnegie-Illinois Steel Corporation, the original defendant, by appropriate legal procedure, brought upon the record as a third party defendant the employer of Raymond P. Finn, which was the F. H. McGraw & Company, a corporation. At the completion of plaintiff's case, the Court dismissed the cause of action as far as the F. H. McGraw and Company is concerned, and the case was submitted to the jury as to the right of recovery of the plaintiff against the original defendant, Carnegie-Illinois Steel Corporation.

Several days were consumed in the trial of the case, and the charge to the jury was completed about 11:00 A.M., on May 15, 1946. The jury immediately retired to consider its verdict, and about 3:45 P.M., on the same day, the Court was notified by the bailiff that the jury had reached a verdict and was ready to return the same to the Court. Arrangements were then made by the Court, through the proper court officers, to receive the verdict, and in the courtroom were present the official court stenographer, deputy clerk of courts, the bailiff, the crier of the Court, the law clerk of the Court, and the members of the jury. The Court made inquiry of the deputy clerk of courts as to whether or not counsel had made any request to be present and the deputy clerk of courts advised the Court that he had no knowledge of such a request being made, and that it had been the practice in this Court for a long period of time for a verdict of a jury to be taken without counsel being present. The Court then made inquiry to the foreman of the jury if the jury had agreed upon a verdict and with the answer expressed in the affirmative, the Court requested the foreman to submit his verdict slip to the deputy clerk of courts. The verdict slip was in an envelope which was sealed; the Court opened the envelope, read the verdict, and, finding it proper as to form, requested the deputy clerk of courts to read the verdict to the jury, said verdict being as follows:

"And now, to wit: May 15th, 1946, we, the Jurors empaneled in the above-entitled case, find no evidence of negligence on the part of the Carnegie-Illinois Steel Co. therefore render a verdict in favor of the defendant, Carnegie-Illinois Steel Company."

In addition to each of the members of the jury stating that the verdict read was as set forth on the verdict slip, as is the practice in this District Court, each of the members of the jury signed the verdict slip. Following the reading of the verdict of the jury in open court, the Court discharged the jury from further consideration of the case and instructed them to return the following morning for the purpose of considering any other matter of business of the Court for which they might be required. Since the Court ceased its official business at 4:00 P.M., after the jury was discharged no further responsibility existed on the part of any of the jurors to remain at or near the jury room and, as a result thereof, the jurors left for their respective homes or places of business.

Counsel representing the parties in said action were not present in Court at the time the verdict was received for the reason that they had gone to their respective offices and, no doubt, were involved in other matters of business which required their time or attention. No request was

made to the Court by any of the counsel involved in the trial of said case to be called at the time the jury had reached a verdict. Furthermore no request was made to the Court of the desire of counsel to poll the jury at the time said verdict was received. Within ten minutes after the Court had returned to its chambers, counsel representing the plaintiff called the Court by telephone and stated that he had requested the crier of the Court and an employee in the office of the Clerk of Courts to call him before the verdict was returned to the Court, and that counsel for the plaintiff had made said request for the reason that in the event said verdict was adverse to his claim, he desired to poll the jury. As a result of the information communicated to the Court, the Court immediately called the office of the Clerk of Courts and directed the Clerk of Courts to have the jury return to their places in the jury box the following morning at the time that Court convened in order that an opportunity could be given the counsel for the plaintiff to poll said jury. In addition thereto, counsel for the plaintiff had called the office of the Clerk of Courts on one or two occasions during the time that the jury was deliberating, and had made inquiry as to whether or not the jury had reached a verdict, and restated his request that he desired to be present when the verdict was received and asked the employee in the office of the Clerk of Courts to call him.

When the Court convened on the morning of May 16, 1946, the first matter of business which the Court considered was the request of counsel for the plaintiff for leave to poll the jury. During the polling of the jury one of the members of the jury stated that although she had signed the verdict slip, it was done because the other members of the jury talked her out of it but she held out "as a lone wolf" for a long time and she thought that probably the men knew more about the cables than she did and that she may have been unduly stubborn. Said juror further stated that she had not been intimidated, coerced or subject to force in any way whatsoever, and that her signature to the verdict slip was her own free will and that if she

had not signed the verdict slip, the jury would have been still involved in deliberation. Commenting further, the juror stated that it was her opinion, sound conviction and belief that the plaintiff did have a right of recovery, that the defendant was negligent, and that the plaintiff was free from contributory negligence; that she believed the defendant negligent for the reason that a proper amount of signals or signs to attract attention were not maintained by the defendant, but the juror signed the verdict slip for the reason that she felt that the men on the jury understood the machinery which contributed to the accident in a better way than the juror did, and that the juror did not understand that she had the right to withhold her verdict where the other eleven members of the jury had agreed contrary to the belief of said juror. It was further stated that no one had talked with her in connection with the case, that she was not related, either by marriage or blood, to the attorney representing the plaintiff, or to any of the witnesses called in behalf of the plaintiff.

In view of the statement of the juror and the rule of law being predominant in the mind of the Court "that a good and valid verdict is not dependent on what the jury agrees to in the jury room but what the juror agrees to when the jury returns to the court to give a verdict," on motion being made by counsel for the plaintiff to direct a mistrial or disagreement, the Court orally informed counsel involved in the proceeding that the Court would consider the motion to declare a mistrial on May 22, 1946. At the time of said hearing, the Court directed a mistrial and after reconsideration thereof, on the 23rd day of May, 1946, the Court revoked the oral Order of Court which directed a mistrial on May 22, 1946, and ordered a re-argument on the question involved to be held on May 31, 1946. It must be remembered that the Court was greatly burdened with the trial of other civil actions during this period of time, and every possible effort was extended by the Court to have the matter fully and completely heard at the earliest possible date. Counsel representing the plaintiff excepted to the Order of

Court made on May 23, 1946, which revoked the previous order of May 22, 1946, directing a mistrial. This action was taken by the Court for the reason that under the provisions of Rule 59(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court is empowered on its own initiative within ten days after the entry of judgment to direct a new trial for any reason, and the question presented in this case was so involved that the Court believed a duty existed to extend counsel involved an opportunity to present briefs in support of their respective contentions, and the Court desired an opportunity, as soon as time could be made available after the completion of the civil trial list, to individually make an exhaustive research of the law.

The matter was, therefore, argued in detail by counsel representing the plaintiff, original defendant, and third-party defendant. Briefs have been filed by the respective parties, careful consideration has been given thereto by the Court, and, in addition, the Court has separately made a complete, thorough and exhaustive research of all the law which it is humanly possible to find which will shed any light, one way or the other, on the problem which exists.

The question for consideration of the Court is: May the Court direct a mistrial or award a new trial to the plaintiff in a proceeding where counsel for the plaintiff voluntarily absented himself from the courtroom during the deliberation of the jury, and before the discharge of the jury from its consideration of the case and, as a result thereof, counsel for the plaintiff did not have an opportunity to be present to poll the jury when its verdict was read in open court, and where counsel for the plaintiff had made arrangements with an attache of the court, to wit, the court crier, and an employee in the office of the Clerk of Courts, that he was to be called when the jury had agreed upon a verdict and said attache and an employee of the office of the Clerk of Courts each failed and neglected to call plaintiff's counsel?

In order to answer this question, there are two preliminary questions which by necessity the Court must consider:

1. Can a jury be legally reconvened after it has been discharged by the Court in order that counsel for the plaintiff can poll the jury?

2. Is a verdict returned in open court in favor of the defendant an unanimous verdict of the jury under the circumstances as exist in this case?

Counsel have been unable to cite to the Court any case exactly in point in the Commonwealth of Pennsylvania or in any of the United States courts and, as a result thereof, the Court in the research which it has made will refer in some detail to the decisions in other jurisdictions in the United States which I believe lend material aid and assistance in disposing of the questions which exist.

In the first instance, counsel for the plaintiff at the time of argument and in his brief earnestly insist that in matters of practice federal courts apply their own rulings and not the rulings of local state courts, or that the District Court should consider the motion for a mistrial or a new trial, such as it might be termed, independent of any statute or practice prevailing in the courts of the state in which the trial was held. The granting of a mistrial or the directing of a new trial is not a subject of exception according to the practice in the courts of the United States, and that if a new trial is granted, the same cannot be disturbed unless it appears that it was an abuse of discretion. There is no question but what this is a correct statement of law. Fishburn v. Chicago M. & St. P. Ry. Co., 137 U.S. 60, 11 S.Ct. 8, 34 L.Ed. 585; Metropolitan Life Insurance Co. v. Banion et al., 10 Cir., 106 F.2d 561; Hooper v. Shorr et al., 7 Cir., 110 F.2d 446; Viles v. Prudential Insurance Co: of America, 10 Cir., 107 F.2d 696; King v. Leach, 5 Cir., 131 F.2d 8.

It is contended by counsel for the plaintiff that federal courts are not affected by state statutes or practice in state courts, and that the exercise of the courts' discretion in passing on a motion for a new

trial is a rule of law established by the Supreme Court of the United States. Furthermore that the Supreme Court has consistently held that although the federal courts under the Conformity Act, 28 U.S.C.A. § 724, are encouraged to recognize state rules as near as possible it was not intended to tie the hands of the federal courts when in their judgment it would unwisely encumber the administration of the law, or tend to defeat justice in their tribunals. Ætna Insurance Co. v. Kennedy, to Use of Bogash, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177; Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857.

It is in substance the contention of the plaintiff that regardless of state decisions in connection with this question, in order to prevent a miscarriage of justice and to make possible fair, impartial and just administration of the law, the Court in the exercise of its discretion should direct a mistrial or grant a new trial under the facts as they exist. Garrison v. United States, 4 Cir., 62 F.2d 41; Murphy et al. v. United States, 9 Cir., 145 F.2d 1018.

As stated in the forepart of this opinion, I have been unable to find and counsel has not referred to any authority in any of the United States courts which has decided the exact question at issue. It must then be realized in considering this problem that the law in the United States courts in the first instance was developed or accepted from the Common Law of England. It seems that this question has not heretofore been decided in the United States courts and in formulating a rule of law, it is my belief that the Court should consider the approach which has been made to the problem by any court of the United States, even if in a state jurisdiction, which has had occasion to consider or adopt a rule of law under circumstances such as here exist.

■ There is no question that any party to litigation has the right to poll a jury, which is the calling of the name of the persons who compose the jury, and require each juror to declare what his verdict is before it is recorded by the Court. The object of polling the jury is to give each juror an opportunity to declare his present judgment in open court. Furthermore, a polling of a jury must be had immediately on return of the verdict in open court, and it appears generally to be the rule of law in the great majority of our state courts that a request to poll a jury comes too late if made after the recording of the verdict by the Court and the entry of judgment. 64 C.J. Paragraph 861, Page 1059.

■ It appears to be the majority view of the courts that it is too late to make a request for the polling of the jury after the jury has been dispersed subsequent to handing their verdict to the Court or after the jury had been discharged. 64 C.J. Paragraph 863, Page 1060.

■ It is also settled that the right to poll a jury is waived when the plaintiff or his counsel is in court when the verdict is returned and no request is made to poll the jury. 64 C.J. Paragraph 862, Page 1060.

■ Furthermore counsel interested in a case which is on trial has a duty to be in attendance with the Court to protect his client's interest until the whole subject matter of the litigation is finally disposed of, and that the Court is not thereby required to suspend its operations until counsel is present. Ward v. Todd, 103 U.S. 327, 330, 26 L.Ed. 339; Cooper et al. v. Morris, 48 N.J.L. 607, 7 A. 427; Cornish v. Graff, 36 Hun 160; Aerheart v. St. Louis I. M. & S. R. Co., 8 Cir., 99 F. 907, 910; Yates v. Whyel Coke Co., 6 Cir., 221 F. 603, 608.

■ It has been repeatedly held by the United States courts that it is not error for the court to instruct the jury in open court in the absence of counsel while the court is in session since the absence of counsel during any time that the court is in session while considering the case in which the counsel is involved is at the risk of said counsel. This is true for the reason that counsel by its absence at any time between the impanelling of the jury and the return of the verdict cannot limit the power and duty of the judge to instruct the jury in open court on the law of the case as occasion may require. It,

therefore, has been held that it is not error for the court to instruct the jury during the absence of counsel as long as the same is done in open court. Stewart v. Wyoming Cattle Ranche Co., 128 U.S. 383, 390, 9 S.Ct. 101, 32 L.Ed. 439.

However, it is improper for the court to send written instructions to the jury in the absence of counsel or without prior notice being given to counsel of the nature of the instructions to be given. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81, 39 S.Ct. 435, 63 L.Ed. 853.

It appears to be a definite settled rule of law that when in the polling of a jury one or more of the jurors dissent from the verdict which has been reached in the jury room, the jury should be discharged and a mistrial directed. Bruce v. Chestnut Farms—Chevy Chase Dairy, 75 U.S.App.D.C. 192, 126 F.2d 224.

In the Third Circuit an occasion arose to consider the question as to whether or not it was error for the court to send written instructions to the jury in the absence of counsel for the party litigants or without their knowledge of said action. In considering this problem, it was held that the due process clause of the Fifth Amendment to the Constitution requires that the defendant be accorded the right to be present in person or by counsel in every stage of his trial, and that orderly procedure requires that the plaintiff be accorded the same right. A party or his counsel may waive this right expressly. He may also waive it by voluntarily absenting himself from the courtroom in which the trial is being conducted, and in that case the trial judge may proceed with the trial in his absence even to the extent of recalling the jury from their deliberations for such additional instructions on the law as occasion may require. Arrington et al. v. Robertson, 3 Cir., 114 F.2d 821; Ah Fook Chang et al. v. United States, 9 Cir., 91 F.2d 805.

In Pennsylvania the law appears to be definitely settled that even if a sealed verdict was returned by the jury and the jury separates, and subsequently when the jury is polled in open court one of the jurors dissents, the trial court must treat the proceeding as a mistrial and, instead of sending the jury out to agree anew upon the verdict, should discharge them. Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 44 L.R.A. 432.

In the case of Havranek, Appellant, v. Pittsburgh et al., 344 Pa. 375, 25 A.2d 703, the jury sealed the verdict on a Friday night and separated. On the following Monday four women on the jury went to the chambers of the trial judge and told him that they were dissatisfied with the verdict. The judge instructed them that they should express themselves when the question would be asked whether they had agreed upon a verdict. In open court one of the jurors stated that she and three others were not "satisfied" with the verdict; that they felt that as though they were "sort of swayed"; that after they had listened to the other jurors who they thought knew more about driving a car, they concluded they would change their opinion which they did against their "better convictions"; the four jurors agreed upon the verdict which was sealed and stated that they were not subjected to coercion at any time; they felt it was getting late and they would agree with rest of the jurors but it was against their better judgment. The sealed verdict was then opened and the verdict was in favor of both of the defendants; no dissent was then offered by any member of the jury and it was then discharged. It was held by the Supreme Court of Pennsylvania that jurors are not concluded by a sealed verdict which is only an informal memorandum, not a part of the record, and from which any of them have a right to dissent when the verdict is rendered in open court. It is only the oral verdict which, when received and recorded by the court, constitutes the valid and legal verdict. The Supreme Court of Pennsylvania furthermore held that if the four jurors or any of them had stated that they did not assent to the verdict as then rendered when it was read to them, the verdict could not have been received by the court, and it would have been incumbent upon the court to discharge them and to have a re-trial. It is also repeatedly held that when a verdict is orally announced in court and

there is no dissent from any juror, such action is final and the verdict stands as rendered. On the other hand if a dissent is made by a juror after the verdict is read, it is the duty of the court to direct a mistrial. Friedman v. Ralph Brothers, 314 Pa. 247, 250, 171 A. 900; Scott v. Scott, 110 Pa. 387, 2 A. 531; Eastley, Appellant, v. Glenn, 313 Pa. 130, 169 A. 433; Snaman v. Donahoe's Inc., Appellant, 307 Pa. 282, 161 A. 68; Commonwealth v. Zierenberg, Appellant, 133 Pa. Super. 112, 1 A.2d 918; Wellitz v. Thomas, Appellant, 122 Pa. Super. 438, 185 A. 864; Reitenbaugh v. Ludwick, 31 Pa. 131.

It has furthermore been held in Pennsylvania that after the verdict is received and recorded, and the jury dismissed, they cannot alter their verdict. Walters v. Junkins, 16 Serg. & R., Pa., 414, 16 Am.Dec. 585.

The only case which I have been able to find that approaches the theory presented by the plaintiff is that of Mattice v. Maryland Casualty Co., D.C., 5 F.2d 233. In this case after the reading of the verdict, counsel for the plaintiff asked that the jury be polled. The verdict was in favor of the defendant and on interrogation of the jurors being made by the court, it was understood that all of the jurors indicated that their finding was in favor of the defendant. The court discharged the jury from further consideration of the case, and immediately thereafter one of the jurors approached the bench and told the court that he said "No" or, in other words, that his verdict was for the plaintiff. All of the jurors were in the courtroom awaiting call for the next case with the exception of one juror who had been excused for several days, and when the juror informed the court that his verdict was not as understood, the court directed that all of the jurors return to the jury box. Under those circumstances the court held that the jury had failed to agree and awarded a new trial. However, the court in its opinion stated that it was satisfied that the jury could not be legally reconvened after being discharged from the case, and that a juror may not impeach his verdict; a new trial was granted solely for the reason that the court had misunderstood what the juror had stated.

In the case of Rosen et al. v. Marietta, D.C., 48 F.Supp. 942, after the court had accepted a sealed verdict, one of the jurors approached the bench and informed the court that she had worried all night about the verdict and that it was wrong to find the plaintiff guilty of contributory negligence. As far as she was concerned the verdict was brought under duress. The Court held that the statement made by the juror, after the oral verdict had been received in open court and accepted, did not set forth that the juror did not agree to said verdict and the court found that the statement of the juror, that the verdict was brought under duress, was not supported by any evidence for the reason that there was no evidence that the juror knew the meaning of the word "duress" nor did the juror state what constituted the alleged duress. As a result thereof, the court refused a motion to set aside the verdict or direct a mistrial.

In the case of Anderson et al. v. Penn Hall Co., D.C., 47 F.Supp. 691, the jury returned a sealed verdict to the court in which they found the defendant negligent and the plaintiff guilty of contributory negligence, resulting in a verdict in favor of the defendant. Upon request by counsel for the plaintiff, the jury was polled and two of the jurors answered that the written verdict of the jury was not their finding. One of the jurors stated that he did not find the plaintiff guilty of contributory negligence but he stated that his verdict was still for the defendant. The other juror was questioned by the court and stated that his verdict was still for the defendant. The court held the jury was unanimous that their verdict was for the defendant, and the dissent of the two jurors being considered in the most favorable light indicated only that they did not find the plaintiff guilty of contributory negligence but, regardless thereof, their finding was for the defendant.

In the case of Alusa v. Lehigh Valley R. Co., D.C., 26 F.2d 950, the jury returned its verdict at about 5:00 P.M., the plain-

tiff was present in the courtroom and the defendant's counsel were present. Counsel for the plaintiff did not leave a request with the court, or with the clerk, or with anyone connected with the court, that they should be advised when the jury was ready to report. Sometime after the jury had returned their verdict and after the verdict had been recorded, counsel for the plaintiff appeared and moved for a new trial. The question exists whether there is a waiver of the right to poll a jury when the party is in court and counsel are absent from the courtroom when the jury reports. The court held that there is no authority which makes it obligatory on the court to withhold the report of a verdict of a jury until counsel for either party can be sought out and brought to the courtroom, especially when the counsel has left no word with the court, or an officer of the court, to request that he be informed when the jury is ready to report. Although the Court does not decide what ruling would have been made if counsel for the plaintiff had requested an attache of the court, the clerk, or anyone connected with the court, to advise him when the jury was ready to report, by inference, it could be reasoned that if such circumstances were present, the court would have favorably considered the motion for a mistrial. (This is the closest case that I have been able to find when considered with the question which is now before the Court for decision.)

In the following cases the question involved has been considered or discussed by courts in other jurisdictions, and these cases have been found invaluable in arriving at the conclusion which has been reached in disposing of the questions which exist in this case:

In the case of Zimmerman v. Detroit Sulphite Fibre Co. 113 Mich. 1, 71 N.W. 321, a jury returned a general verdict for the plaintiff. Upon the polling of the jury, eight of the jurors answered that a special question propounded to the jury was answered affirmatively and the other jurors negatively. The court explained the question to the jurors and returned them to the jury room to answer the special question. The jury returned a verdict in which all of the jurors answered said question negatively. The court held that it was error to permit the discussion of the question in the presence of the jury and then to recall them after being discharged and send them back to reconsider their verdict.

In the case of Springfield Consolidated Ry. Co. v. Welsch, 155 Ill. 511, 513, 40 N.E. 1034, a verdict was returned in favor of the plaintiff and neither the defendant nor his counsel was present in court when the verdict was returned. The court received the verdict and discharged the jury from further consideration in the case. Two days later counsel for the defendant appeared in court and entered a motion for a poll of the jury. The court refused the right to poll the jury and held that if a poll of the jury was desired, the request therefor should have been made when the verdict was returned and before the jury was discharged.

In the case of Steele et al. v. Etheridge, 15 Minn. 501, the sealed verdict of a jury was recorded before the motion to poll the jury was made, and although upon said polling one of the jurors expressed his dissent from the verdict as previously rendered and recorded, said dissent was of no legal effect or value for the reason that the right to poll a jury is gone when the verdict has once been recorded.

In the case of Smith and Shorter v. Mitchell, 6 Ga. 456, 466, the verdict of the jury was handed to the clerk during the night without the consent of the defendant or his counsel. In the morning the jury having dispersed but being in court, the defendant moved to examine them by the poll whether they had agreed upon the verdict. The motion was refused because the jury had dispersed before the request was made. The court stated it would be dangerous in the extreme to permit the poll after the separation of the jury and after each one had been exposed to the action of the public opinion or to the approaches of friends or acquaintances. While the jurors of our country are reliable for intelligence and integrity as those of any other country, yet it is possible for

them, for one, say, out of twelve, to be influenced to dissent, particularly in cases involving large amounts, much feeling, or great complexity, and more especially in cases sounded in damages where the finding in the very nature of the case must be the result of compromise and concession. It was, therefore, the court's belief that the only safe, general rule is to deny the request to poll the jury in the event that the jury has been discharged or dispersed from further consideration of the case.

In the case of Powell v. Feeley, 49 Ill. 143, 145, the court directed the jury to return a sealed verdict, deposit it with the clerk and then be discharged from further attendance during the balance of the term of court. Counsel for the plaintiff made no objection to the instruction of the court. The court held that the plaintiff waived its right to have the jury polled by failing to object to the course pursued by the court.

In the case of High v. Johnson, 28 Wis. 72, the defendant requested the right to poll the jury after, the verdict was received and recorded. It was held that thereafter it was too late to open the controversy and insist upon polling the jury. There is a time for all things and the time for the polling of the jury is before the verdict is pronounced and recorded by the court.

In the case of Seaton v. Smith et al., 45 Kansas 43, 25 P. 222, after the jury had retired, counsel for the defendant requested permission of the judge to leave the courtroom and go to his law office with the understanding that the judge was to send a bailiff for him when the jury returned to the courtroom. The judge failed to send word to counsel and received the verdict of the jury in the counsel's absence and the absence of the defendant. The verdict was read aloud to the jury and no dissent made to the question as to whether it was the jury's verdict and the jury was not polled. The court held that it is the duty of counsel, in charge of the case upon trial, to remain in the courtroom until its final disposition. As a matter of courtesy, upon the part of the trial judge, permission was given to counsel to retire from the courtroom; it was extended without the knowledge or consent of the other parties to the action. It could hardly be claimed that it was a part of the judge's duties to send for counsel when his presence was necessary; it had doubtless escaped the judge's mind in the pressure of his official duties that he was to dispatch a messenger to counsel upon the return of the jury with a verdict. This is a matter outside of the duties of the judge, and made solely for the convenience and accommodation of counsel. The court did not think the successful party in the verdict should be obliged to try the case again for this omission, upon the part of the trial judge, to notify the counsel. Although the jury could have been polled if counsel had been in the courtroom, that he retired upon the promise of the judge to call him, since the judge was extending counsel a favor, it is not proper to direct a mistrial for the oversight of the judge.

In the case of Strite Governor Pulley Co. v. Lyons, 129 Minn. 372, 152 N.W. 765, a jury returned to the courtroom with a verdict. The court made inquiry as to how the verdict was reached and informed the jury that it will be necessary for them to again retire and return a verdict in accordance with the law as given by the court. Counsel representing one of the parties was not present when this occurred and, as a result thereof, a motion was filed for a new trial. It was held that the court was under no obligation to notify the counsel when the jury returns to the courtroom either for additional instructions, or when they return their verdict. The trial of the case is not concluded until a verdict has been rendered and the jury discharged. It is the duty of the parties and counsel to remain in, or be represented at the court during its session until the trial is ended; and it is no part of the duty of the court to send after parties or counsel who have absented themselves from the courtroom before the trial of their cause is concluded.

In the case of Heenan v. Howard, 81 Ill. App. 629, 636, a jury had retired to consider its verdict; the jury came into open court and requested additional instructions in the absence of the defendant and his counsel. The court did not send for the

attorneys representing the defendant although the plaintiff's attorney was in court. The court held that no error existed and that although it was proper and advisable for the court to send for counsel when practicable, before acting in such a case, as a matter of law it is no duty on the part of the court to send for absent counsel and await their arrival before proceeding in the causes wherein they are engaged. Sending for counsel is a mere act of courtesy on the part of the court, and the power of the court to act in connection with any matter involved in any case being tried does not depend on the pleasure of counsel to attend or be within reach of the officers of the court. The attorneys knew the jury was considering the case and it is, therefore, the duty of counsel engaged in the trial to remain in court during its session or to be represented there, or make their own arrangements at their own risk to provide for being called into court, until the jury having the case is discharged.

In the case of Barger Brothers v. Alley, 167 N.C. 362, 83 S.E. 612, counsel representing one of the parties requested the deputy clerk of courts to notify him when the jury was ready to return the verdict. The deputy clerk of courts failed to notify counsel and during the absence of counsel, the verdict was taken by the clerk of courts. A motion for a new trial was filed, and in refusing the same, it was held that the failure of the deputy clerk to notify the clerk of courts of the request of counsel to be present was a personal arrangement between them, and the failure of the deputy clerk to comply with his promise should not be visited upon the other party to the litigation. (In this case I believe it advisable to comment that no substantial prejudice was shown to have visited upon the defendant as a result of the absence of counsel for the defendant.)

In the case of Boyer v. Maloney, 27 Ohio App. 52, 160 N.E. 740, the case had been submitted to the jury in the regular way. The jury returned a verdict on a Saturday morning in favor of the defendant. The verdict was received by the court, read by the clerk, filed by him, entered upon the trial docket and recorded on the journal, and the jury was allowed to separate without an order to return for further proceedings in the case. This constituted in law a discharge of the jury. On Monday morning the jurors were polled and each juror answered that his verdict was not for the defendant but for the plaintiff, and that a mistake had been made by them since it was their intention to file their verdict for the plaintiff and they thought they had done so. The court held that after a jury had returned its verdict and had been discharged from further consideration in the case, it is error to recall the jury and poll it to determine whether the verdict as rendered is its verdict; and upon such polling being made and the jurors answering that the verdict so rendered is not their verdict, it is an error to send the jury back to the jury room for further deliberation.

In the case of Lipscomb v. Cox, 195 N.C. 502, 142 S.E. 779, the jury returned a verdict in favor of the defendant and found the plaintiff guilty of contributory negligence, and the defendant guilty of negligence, but did not answer the issue of damages. Upon arrival of counsel the court instructed the clerk to take the verdict. The court directed the clerk to poll the jury and error was claimed to exist as a result of certain statements made by the court and counsel during the polling of the jury. The court held when a verdict has been received from a jury, it is the duty of the clerk to cause the jury to hearken to their verdict as the court has it recorded, and to read it to them and say "so, say you all." At this time any juror can retract on the grounds of conscientious scruples, mistake, fraud or otherwise, and his dissent would then be effectual and necessitate the awarding of a mistrial. Furthermore, the request to poll a jury should be made upon the return of the verdict as above outlined and before debate or discussion upon the merits of any counsel involved in the case.

In the case of Peart v. Chicago, M. & St. P. Ry. Co., 5 S.D. 337, 58 N.W. 806, a jury deliberated until 2:00 in the morning; the judge was called from his home

to the jury room and in the absence of all the attorneys and parties to the suit, the clerk and other officers of the court received the verdict of the jury. The judge then discharged the jury and delivered the verdict to the clerk when the court reconvened that morning. It was held that a new trial should be granted for the reason that a case is submitted to a jury in open court and it is contemplated that a return of the verdict be made publicly in the court where the parties are presumed to be in waiting and ready to avail themselves of their respective rights, and, under the circumstances, they were deprived of that natural and absolute right.

In the case of State of Oregon v. Waymire, 52 Or. 281, 97 P. 46, 21 L.R.A.,N.S., 56, 132 Am.St.Rep. 699, the defendant and his counsel, without leave of court, voluntarily retired from the court after the case had been submitted to the jury and before the court had adjourned. Counsel for the defendant requested the deputy sheriff to telephone him when the jury was ready to report. The deputy sheriff failed to call defendant's counsel in accordance with his promise. It was held that it was the duty of the counsel for the defendant to be present until the closing of trial and the court is not obliged to await his pleasure but may proceed without him.

In the case of Fitzgerald v. Clark, 17 Mont. 100, 107, 139, 42 P. 273, 30 L.R.A. 803, 52 Am.St.Rep. 665, the attorney for the appellant had made arrangements with the court bailiff that when the jury agreed upon a verdict, he, the court bailiff, should call counsel. The bailiff omitted to send for appellant's counsel and, as a result thereof, he was not present when the verdict was returned. The court held that counsel made the bailiff his agent for this purpose, and, if such agent omitted to do that which he had agreed to do, counsel did so at his risk since counsel had the privilege of being in the court, if he wished, when the verdict was received and his accidental absence at that time was not due to any order or action of the court, or any conduct of the counsel or parties on the other side. The court refused to award a new trial.

In the case of Chapman v. Chicago & Northwestern Ry. Co., 26 Wis. 295, 296, 7 Am.Rep. 81, the jury asked for additional instructions which were given in open court when the appellant or his attorney was not present. The court held there is no legal obligation on the court to send for absent attorneys, and to delay proceedings until they appear.

In the case of Rottmund v. Pennsylvania R. Co., 225 Pa. 410, 74 A. 341, a jury was discharged from further consideration in the case and recalled an hour later to have the written verdict conform to the verdict actually received, which was an hour previous. It was held too late for the defendant to move for a poll of the jury.

From a reading of the many authorities to which I have had occasion to refer, I can find no legal obligation on the part of the Court, any officer of the Court, the Clerk of Courts, or any of his employees, to send for attorneys and counsel before a verdict is received. It has been my observation, however, that it has become a custom or practice for the employees of the Clerk of Courts or Court officers to send for attorneys and counsel if a request is made to do so. I believe this custom or practice is sound, and I am far from wishing to discourage it, and I think it should be observed in all cases where the business or convenience of the Court will allow it. It is unfortunate and the Court is extremely sorry it was not observed in this case, but I believe it would be against the settled weight of authority to hold as a matter of law that it is the duty of the Court to regulate the business of the Court so that the request of counsel made to an employee or attache of the Court, or the Clerk of Courts, to send for absent counsel, is carried out, or to await their arrival before proceeding to take the verdict of a jury in causes in which they are interested. I believe it is the duty of counsel to be present in Court when their causes are pending, that is, from the time that the jury is impaneled until the jury is discharged; and if they are not, and for reasons personal to themselves seek the assistance of an employee or attache of the Court, or the Clerk of Courts, or

any of his employees, it is at their own risk and not at the risk of the other party to the litigation. To express myself in the shortest possible terms, I believe the custom is fine to notify counsel where it is possible to do so, but such courtesy extended to counsel by the various officers of the Court is a matter of grace or favor on the part of said employee, and under no circumstances is there any legal obligation on the part of the Court to notify counsel that his presence is required before a matter can be considered in which they are concerned. If the rule were otherwise, that the Court must await the notion and presence of counsel involved in litigation, conditions would become intolerable, for then, no business could be done by the Court and no proceedings taken except at the favor or choice of counsel.

▮ It is, therefore, my opinion that when counsel representing the plaintiff requested the Court Crier and an employee in the office of the Clerk of Courts to call him before the verdict of the jury was returned, he did so at his own risk and the failure of the clerk or attache of the court to call him, as he had requested, should not in any way involve the rights of the opposing parties to the litigation who are not parties to such arrangement. Furthermore, it is the duty of counsel representing litigants to be present in Court from the time that the jury is impaneled and until a verdict has been reached, or the jury discharged. This is true although counsel involved in federal court are generally interested in many matters of business and it, no doubt, will be an extreme hardship to follow said responsibility in this respect. However, if counsel secures the aid or assistance of some other person to keep abreast with the progress of the trial after the jury has retired for deliberation, such an arrangement is at the risk of counsel concerned and the prejudice which arises from a misplacement of trust cannot be visited on the opposing party to the litigation who had no part in such an arrangement.

▮ It is my further opinion that the verdict as recorded by the jury in open court is the verdict of the jury and that the form prepared in the jury room, though signed by each of the jurors and handed to the clerk, is no part of the record and has no significance whatsoever after the verdict is read to the jury and no dissent is offered by any of the jurors. Such a verdict when received and recorded by the Court constitutes a valid and legal verdict. When no juror objects or dissents to the announcement of the verdict, and the jury is discharged from further consideration of the case, such action bars the right of any party to the litigation to poll a jury subsequent thereto.

▮ I am aware that it is the duty of the Court to fairly, impartially and justly administer the law and permit nothing to be done, by way of omission or commission, to defeat the ends of justice. This case was carefully and extremely well tried by counsel for both party litigants, and no error exists in the record in any way whatsoever. Regardless of my personal feeling in the matter or the sympathy which I carry for counsel representing the plaintiff, I find it my duty to follow the law as it has been stated in many states of the Union and referred to somewhat generally in many opinions in the United States courts. I can, therefore, arrive at no other conclusion than the motion for leave to poll the jury was made after the verdict was duly returned by the jury and recorded by the Court, and since the jury was discharged from further consideration of the case, no authority exists in law to grant the leave to poll the jury and under the circumstances which arose, as a result thereof, direct a mistrial.

The motion of plaintiff for a new trial or an order directing a mistrial is, therefore, refused.